

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
**100 CHURCH STREET**
**NEW YORK, NY 10007**

**KATHLEEN M. LINNANE**
Assistant Corporation Counsel
Labor and Employment Law Division
Telephone: (212) 356-2467
Email: klinnane@law.nyc.gov

July 15, 2025

**By ECF**

Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Baker-Pacius, et al. v. The Dep't of Education of the City of New York, et al.</u>
          25-cv-00743 (AMD)(JAM)

Dear Judge Marutollo:

    I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the Department of Education of the City of New York, Melissa Aviles-Ramos, and Katherine Rodi ("Defendants"), in the above-referenced matter. Defendants write in accord with the Court's Orders of June 27, 2025 and July 14, 2025, directing the parties to file a joint status report. Further, Defendants write to respectfully request a stay of discovery pending the Court's decision on Defendants' anticipated motion to dismiss the Amended Complaint. Plaintiffs have consented to Defendants' request to stay discovery. Further, Defendants thank the Court for its courtesies in extending the parties' time to submit a report on the status of discovery.

### A. Background

    Plaintiffs commenced this action on February 10, 2025, and filed an Amended Complaint on April 23, 2025. ECF Nos. 1, 7. Plaintiffs, formerly employed by the Department of Education of the City of New York ("DOE"), were terminated by the DOE due to their failures to comply with the COVID-19 vaccine mandate applicable to DOE employees ("Vaccine Mandate"). Plaintiffs allege that in denying their reasonable accommodation requests for exemptions to the Vaccine Mandate, Defendants violated various provisions of law, including the Free Exercise and Equal Protection Clauses of the United States Constitution. Plaintiffs appear to bring claims of Title VII discrimination and retaliation, various due process claims, a stigma plus claim, and a fraud in the inducement claim. Plaintiffs further allege that Defendants' conduct violated the New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively).

### B. Defendants' Anticipated Motion to Dismiss

    In accord with the Court Order of May 16, 2025, Defendants intend to file their fully-dispositive motion to dismiss on July 21, 2025. Pending the Court's decision on Defendants'

motion, Defendants request, on consent of Plaintiffs, a stay of discovery pursuant to Fed. R. Civ. P. 26(c). Because the parties have agreed to request that the Court stay discovery, the parties have not yet agreed to dates by which the parties will exchange discovery demands and responses, or take depositions.

As an initial matter, Plaintiffs' federal claims are wholly time-barred, because Plaintiffs commenced this action beyond of the three-year statutes of limitations applicable to their various federal claims. Further, Plaintiffs failed to commence this action within ninety (90) days of their receipt of the Right to Sue letters issued to them by the Equal Employment Opportunity Commission ("EEOC"), and are thus foreclosed from bringing claims of Title VII religious or disability discrimination or retaliation. As it pertains to Plaintiffs' various state law claims, these, too, are time-barred, first because Plaintiffs failed to timely file notices of claim against the DOE, and second, because Plaintiffs did not commence this action within the statute of limitations applicable under Education Law § 3813 to state law claims against the DOE. See N.Y. Educ. Law § 3813(1); Carter v. Syracuse City Sch. Dist., 850 F. App'x 22, 25 (2d Cir. 2021).

Plaintiffs' claims also fail as a matter of law. Indeed, the Second Circuit Court of Appeals has conclusively determined that the Vaccine Mandate, "in all its iterations," is neutral and generally applicable, and not violative of the United States Constitution. Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); see also New Yorkers for Religious Liberty Inc. v. City of New York, 121 F.4th 448, 459 (2d Cir. 2024). "Courts within the circuit have overwhelmingly, if not unanimously rejected constitutional challenges to the City's Vaccine Mandates. Rizzo v. NYC Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666 at *17-18 (S.D.N.Y. Jul. 2, 2024) (collecting cases); see also Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, *11-12 (E.D.N.Y. Sept. 25, 2023); Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. 2024); Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021). Binding Second Circuit precedent warrants dismissal of the same claims brought here by Plaintiffs.

Plaintiffs also allege that Defendants failed to accommodate them under the SHRL and CHRL, and though these claims are overwhelmingly conclusory and, notably, time-barred along with the rest of Plaintiffs' claims, "an employee need not provide an accommodation if it 'impose[s] an undue hardship on the operation of an employer's business.'" Abdelsayed v. N.Y. Univ., 2023 U.S. Dist. LEXIS 126566, at *29 (S.D.N.Y. Jul. 24, 2023). Plaintiffs' requested accommodations would create an undue hardship on the DOE in the overall context of its operations[1]. Finally, Plaintiffs fail to meet a single element of their purported fraud in the inducement and sigma plus claims, because not only are these claims also conclusory, but Plaintiffs also fail to factually plead that Defendants made either fraudulent or untrue stigmatizing statements about them that were made public. Fed. R. Civ. P. 9(b); Fugelsang, 2025 U.S. Dist. LEXIS 61440, *21 (E.D.N.Y. 2025).

C. Defendants, on Consent, Request a Stay of Discovery

Although a pending dispositive motion does not require a stay of discovery, a court may grant a motion to stay discovery "upon a showing of 'good cause.' Pappas v. City of New York, 2024 U.S. Dist. LEXIS 14171 at *2 (S.D.N.Y. Jan 26, 2024) (quoting Fed. R. Civ. P. 16 (b)(4)). A court may consider the following factors: "(1) whether the defendant has made a strong

---

[1]The EEOC has stated that a "relevant consideration [regarding undue hardship] is the number of employees who are seeking a similar accommodation, i.e., the cumulative cost or burden on the employer." What you Should Know about COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last accessed April 3, 2025).

showing that plaintiffs claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Joglo Realties, Inc. v. Dep't of Envtl. Conservation of N.Y., 2016 U.S. Dist. LEXIS 195745, at *4 (E.D.N.Y. Oct. 17, 2016). That the non-moving party consents to a stay of discovery is not dispositive but, rather, "is only a factor to be considered." Jay Kripalani M.D., P.C. v. United Healthcare Grp., 2025 U.S. Dist. LEXIS 1073, at *4 (E.D.N.Y. Jan. 3, 2025).

Here, the aforementioned factors weigh strongly in favor of staying discovery. Plaintiffs' federal claims are foreclosed by not only the applicable statutes of limitations and by Plaintiffs' failure to satisfy statutory prerequisites prior to commencing this lawsuit, but also by ample binding Second Circuit precedent finding the Vaccine Mandate to be a lawful condition of employment for DOE employees. Kane, 19 F.4th 152. Furthermore, Plaintiff's SHRL and CHRL claims and are likely to be dismissed, not only as time-barred, but also because granting Plaintiff's proposed accommodation would have imposed an undue hardship on the operations of DOE. See Whitfield v. City of New York, 2025 U.S. Dist. LEXIS 298, at *4 ("Defendants' anticipated motion may dispose of the sole remaining federal claim in this matter, and therefore deprive this court of federal jurisdiction. Accordingly, a stay of discovery is appropriate."). Engaging in discovery while Defendants' motion to dismiss is pending will result in the unnecessary and wasteful expenditure of time, money, and resources. See Fed. R. Civ. P. 1; see also O'Sullivan v. Deutche Bank AG, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where defendants "made a strong showing that they are likely to succeed on their motion to dismiss.")

Defendants further anticipate that discovery is likely to be burdensome given the length and prolixity of the Amended Complaint and its appended exhibits. See Whitfield, 2025 U.S. Dist. LEXIS 298, at *5 (that the complaint was "lengthy—sixty-nine pages, not including exhibits, and over 250 paragraphs" supported the Defendants' argument that discovery would "likely [be] burdensome"). Finally, there is minimal risk of unfair prejudice to Plaintiffs, especially because Plaintiffs consent to Defendants seeking this stay, and because discovery has not yet commenced. See Concern for Indep. Living, Inc. v. Town of Southampton, 2025 U.S. Dist. LEXIS 16088, at *9–10 (E.D.N.Y. Jan. 29, 2025) ("[I]t appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the motion to dismiss. Indeed, Plaintiff has consented to a stay.")

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

By: /s/ *Kathleen M. Linnane*
Kathleen M. Linnane
Senior Counsel

Cc: All parties (via ECF)

Diane Baker-Pacius, *pro se* plaintiff, via USPS to 55 West 116th Street, Ste. 396, New York, NY 10026, and via email to DBCB.CG.2025@gmail.com

Christopher J. Garry, *pro se* plaintiff, via USPS to 75-27 217th Street, Oakland Gardens, NY 11364, and via email to DBCB.CG.2025@gmail.com