No. 25-cv-00743 (AMD)(JAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANNE BAKER-PACIUS, and CHRISTOPHER J. GARRY,

Plaintiffs,

- against -

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS, Chancellor; and KATHERINE RODI, Director of Employee Relations,

Defendants.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
*100 Church Street, Room 2-190*
*New York, New York 10007*

*Of Counsel: Kathleen M. Linnane*
*Tel: (212) 356-2467*
*Matter No. 2025-031939*

**DATE OF SERVICE: JULY 21, 2025**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................. iii

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF FACTS ................................................................................ 2

    A.  The COVID-19 Vaccine Mandate and Reasonable Accommodation Process .................................................. 2

    B.  Plaintiff's Allegations in the Amended Complaint ............................................................... 3

        a.  Plaintiff Baker-Pacius' Allegations ............................................. 3

        b.  Plaintiff Garry's Allegations ....................................................... 4

STANDARD OF REVIEW ............................................................................... 4

ARGUMENT

    POINT I

        ALL CLAIMS BY BOTH PLAINTIFFS ARE TIME-BARRED ........................................................................ 5

    POINT II

        BOTH PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES, WARRANTING DISMISSAL OF ANY TITLE VII AND STATE LAW CLAIMS ................................... 7

    A.  Neither Plaintiff Appealed the DOE's Denial Of Their Reasonable Accommodation Request, and In Failing To Exhaust Their Administrative Remedies, Are Barred From Seeking Judicial Intervention With Respect to Those Denials Here ........................................................................ 7

    B.  Any Title VII Claims Plaintiffs Attempt to Assert Here Are Barred Due to Plaintiffs' Failure to Commence This Action Within 90 Days of the EEOC's Issuance of Their Right to Sue Letters. ....................................................................... 8

**Page**

C.   Plaintiffs' State Law Claims Must Be Dismissed because Plaintiffs Failed to File Timely Notices of Claim. ........................................................................ 10

POINT III

ALL OF PLAINTIFFS' CONSTITUTIONAL CLAIMS FAIL AND SHOULD BE DISMISSED ................................ 11

A.   Plaintiffs' Free Exercise Clause Claim Is Foreclosed by Second Circuit Precedent ........................................... 11

B.   Plaintiff Baker Pacius' Establishment Clause Claim Fails....................................................................... 12

C.   Plaintiffs' Due Process Claims Fail. ................................................. 13

D.   Plaintiffs' Takings Clause Claim Fails................................................. 16

E.   Plaintiffs' Equal Protection Clause Claims Fail ................................ 17

POINT IV

PLAINTIFFS' TITLE VII CLAIMS FAIL ................................ 18

A.   Plaintiff Baker-Pacius' Religious Discrimination Claim Fails................................................................. 18

B.   Plaintiffs' Failure to Accommodate Claims Fail................................ 20

POINT V

PLAINTIFFS' STIGMA PLUS CLAIM FAILS AND MUST BE DISMISSED.................................................. 23

POINT VI

PLAINTIFFS' FRAUD IN THE INDUCEMENT CLAIM FAILS AND MUST BE DISMISSED........................................ 24

CONCLUSION ........................................................................................ 25

## TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Pages**

Agostini v. Felton,
    521 U.S. 203 (1997).................................................................................................................13

Algarin v. City of N.Y.,
    2012 U.S. Dist. LEXIS 146190 (S.D.N.Y. Oct. 10, 2012) ......................................................21

Algarin v. N.Y.C. Health & Hosps. Corp.,
    678 F. Supp. 3d 497 (S.D.N.Y. 2023).......................................................................................22

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).............................................................................................................5, 24

Baker v. Home Depot,
    445 F.3d 541 (2d Cir. 2006).......................................................................................................20

Barrett v. Dep't of Educ.,
    2025 U.S. Dist. LEXIS 121864 (E.D.N.Y. Jun. 26, 2025) ......................................................22

Bath et al. v. FDNY et al.,
    2023 N.Y. Misc. LEXIS 2744 (Sup. Ct. N.Y. Cnty, Jun. 2, 2023)...........................................6

Beickert v. N.Y.C. Dep't of Educ.,
    2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. 2023).............................................................15, 19

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)....................................................................................................................5

Best Payphones, Inc. v. Dep't of Info. Tech. & Telecomms.,
    5 N.Y.3d 30 (2005) .....................................................................................................................7

Blair v. L.I. Child & Family Dev. Servs.,
    2017 U.S. Dist. LEXIS 14177 (E.D.N.Y. Jan. 31, 2017) ..........................................................6

Broecker v. N.Y.C. Dep't of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022) .....................................................................................19

Broecker v. N.Y. City Dep't of Educ.,
    2023 U.S. App. LEXIS 30076 (2d Cir. 2023) ...................................................................14, 15

Carter v. State,
    95 N.Y.2d 267 (N.Y. 2000) ........................................................................................................7

Carter v. Syracuse City Sch. Dist.,
    850 F. App'x 22 (2d Cir. 2021) ........................................................................................10, 11

iii

**Cases**                                                               **Pages**

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002).........................................................................5

Clay v. City of N.Y.,
   2016 U.S. Dist. LEXIS 128348 (S.D.N.Y. 2016) .......................................17-18

Cleveland Bd. of Educ. v. Loudermill,
   470 U.S. 532 (1985)...................................................................................14

Coleman v. Olinski
   2016 U.S. Dist. LEXIS 100359 (N.D.N.Y. 2016) ......................................9

Cooper v. Franklin Templeton Invs.,
   2023 U.S. App. LEXIS 14244 (2d Cir. 2023) ...........................................19

D'Cunha v. Northwell Health Sys.,
   2023 U.S. Dist. LEXIS 33343 (S.D.N.Y. 2023)........................................20

D'Cunha v. Northwell Health Sys.,
   No. 23-476-cv, 2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023) ................23

Davila v. City of New York et al.,
   Index No. 156349/2022 (Sup. Ct. Rich. Cnty, Aug. 31, 2023) .................6

Davis v. City of New York,
   2007 U.S. Dist. LEXIS 78031 (E.D.N.Y. Sep. 28, 2007).........................15

Dayton v. City of Middletown,
   786 F. Supp. 2d 809 (S.D.N.Y. 2011).......................................................11

Demerest v. New York City Police Dep't et al.,
   2023 N.Y. Misc. LEXIS 328 (Sup. Ct. N.Y. Cnty. Jan. 24, 2023)...........6

Dennison v Bon Secours Charity Health Sys. Med. Group, P.C.,
   2023 US Dist. LEXIS 84888 (S.D.N.Y. 2023)..........................................23

Matter of Dorme v. Slingerland,
   41 A.D.3d 596 (2d Dep't 2007) .................................................................8

Employment Div., Dep't of Human Res. v. Smith,
   494 U.S. 872 (1990)...................................................................................12

Farca v. Bd. of Educ. of the City Sch. Dist. of N.Y.,
   2022 N.Y. Misc. LEXIS 9341 (Sup. Ct. N.Y. Cnty. Nov. 9, 2022) ..........6

Ferguson v. Park Slope Food Co-Op,
   2023 U.S. Dist. LEXIS 40766 (E.D.N.Y. 2023).......................................9

**Cases**                                                                                    **Pages**

Frooks v. Town of Cortlandt,
   997 F. Supp. 438 (S.D.N.Y. 1998)........................................................................17

Fugelsang v. Dep't of Educ. of N.Y.C.,
   2025 U.S. Dist. LEXIS 61440 (E.D.N.Y. 2025)...................................14, 15, 23, 24

Garland v. N.Y.C. Fire Dep't,
   574 F. Supp. 3d 120 (E.D.N.Y. 2021) ...............................................................19

Garland v. New York City Fire Dep't,
   2024 U.S. App. LEXIS 2651 (2d Cir. 2024) .......................................................15

Glover v. City of N.Y.,
   2018 U.S. Dist. LEXIS 174550 (E.D.N.Y. 2018)................................................18

Gonzalez v. City of N.Y.,
   2024 U.S. Dist. LEXIS 56814 (E.D.N.Y. Mar. 28, 2024)....................................19

Graves v. Finch Pruyn & Co.,
   457 F.3d 181 (2d Cir. 2006).............................................................................21

Guichardo v. Dollar Tree,
   2016 U.S. Dist. LEXIS 182869 (E.D.N.Y. 2016).................................................9

Harris v. New York,
   2022 U.S. Dist. LEXIS 48043 (S.D.N.Y. 2022)...................................................9

Holt v. Crossmark,
   2013 U.S. Dist. LEXIS 90396 (W.D.N.Y. June 27, 2013)....................................22

Hurd v. Fredenburgh,
   975 F.3d 1085 (2d Cir. 2021).............................................................................16

IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of
   Scot. Grp.,
   783 F.3d 383 (2d Cir. 2015)...............................................................................5

Islam Chowdhury v. Dep't of Hous. Pres.,
   2025 U.S. Dist. LEXIS 40873 (S.D.N.Y. 2025)..................................................21

Jaloza v. New York City Dep't of Educ. et al.,
   Index. No. 706616/2023 (Sup. Ct. Queens Cnty. Jul. 24, 2023) ............................6

Johnson v. City of New York et al.,
   2023 N.Y. Misc. LEXIS 2910 (Sup. Ct. N.Y. Cnty. Jun. 12, 2023).........................6

**Cases**                                                                                                                                    **Pages**

Kalaj v. Kay,
    2023 U.S. Dist. LEXIS 122687 (E.D.N.Y. 2023) ................................................................25

Kaluczky v. City of White Plains,
    57 F.3d 202 (2d Cir. 1995) ................................................................16

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022), *aff'd in part* ................................12, 13, 16

Kennedy v. Bremerton Sch. Dist.,
    597 U.S. 507 (2022) ................................................................12

Knight v. Conn. Dep't of Pub. Health,
    275 F.3d 156, 157 (2d Cir. 2001)),
    aff'd, No. 23-1063, 2024 U.S. App. LEXIS 6114 (2d Cir. Mar. 14, 2024) ............................22

L-7 Designs Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011) ................................................................10

Lall v. N.Y. Hous. Auth.,
    2024 U.S. Dist. LEXIS 217946 (S.D.N.Y. 2024) ................................................................10

Larson v. Valente,
    456 U.S. 228 (1982) ................................................................13

Matter of Laureiro v. New York City Dep't. of Consumer Affairs,
    41 A.D.3d 717 (2d Dep't 2007) ................................................................8

Locurto v. Safir,
    264 F.3d 154 (2d Cir. 2001) ................................................................14, 15

Lynch v. City of New York,
    952 F.3d 67 (2d Cir. 2020) ................................................................5

Maniscalco v. N.Y.C. Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) ................................................................14, 16, 17

Marciano v. De Blasio,
    589 F.Supp.3d 423 (S.D.N.Y. 2022) ................................................................15

Marte v. Montefiore Med. Ctr.,
    2022 U.S. Dist. LEXIS 186884 (S.D.N.Y. 2022) ................................................................21

McBride v. BIC Consumer Prods. Mfg. Co.,
    583 F.3d 92 (2d Cir. 2009) ................................................................21

**Cases**                                                                              **Pages**

Mendez v. FDNY et al.,
    2023 N.Y. Misc. LEXIS 2352 (Sup. Ct. N.Y. Cnty., May 12, 2023)........................................6

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013).........................................................................................21

Mundy v. Nassau County Civil Serv. Commn.,
    44 N.Y.2d 352 (1978) ...................................................................................................7

Murray v. Brag Sales Inc.,
    2024 U.S. Dist. LEXIS 153586 (S.D.N.Y. 2024) ...................................................19

N.Y.C. Mun. Labor Comm. v. City of N.Y.,
    73 Misc. 3d 621 (Sup. Ct. NY Cnty. 2021) ...........................................................14

New Yorkers for Religious Liberty,
    121 F.4th 448, 459-460 (2d Cir. 2024) .............................................................12, 13

New Yorkers for Religious Liberty, Inc.,
    121 F.4th at 460 ........................................................................................................13

O'Connor v. Pierson,
    426 F.3d 187 (2d Cir. 2005).....................................................................................15

Phaire v. Mayor of New York City, et al.,
    Index No. 863/2022 (Sup. Ct. Kings Cnty., Aug. 9, 2023)......................................6

Picinich v. N.Y.C. Dep't of Educ.,
    2018 U.S. Dist. LEXIS 122959 (E.D.N.Y. 2018)...................................................18

Price v. Cushman & Wakefield, Inc.,
    829 F. Supp. 2d 201 (S.D.N.Y. 2011 )....................................................................21

Ret. Sys. v. MF Glob., Ltd.,
    620 F.3d 137 (2d Cir. 2010).....................................................................................23

Rizzo v. N.Y.C. Dep't of Sanitation,
    2024 U.S. Dist. LEXIS 116666 (S.D.N.Y. July 2, 2024) ......................................20

Robinson v. Via,
    821 F.2d 913 (2d Cir. 1987).....................................................................................14

Robles v. Cox & Co.,
    841 F. Supp. 2d 615 (E.D.N.Y. 2012) ......................................................................9

Roth v. Jennings,
    489 F.3d 499 (2d Cir. 2007).......................................................................................4

**Cases**                                                                                          **Pages**

Santiago v. Newburgh Enlarged City Sch. Dist.,
    434 F. Supp. 2d 193 (S.D.N.Y. 2006)...............................................................10, 11

Segal v. City of New York,
    459 F.3d 207 (2d Cir. 2006)...........................................................................23, 24

Sirisena v. City of Univ. of N.Y.,
    2019 U.S. Dist. LEXIS 58384 (E.D.N.Y. 2019)......................................................9

Sutton v. Adams,
    2024 U.S. Dist. LEXIS 86023 (S.D.N.Y. May 13, 2024) ......................................16

Tafolla v. Heilig,
    80 F.4th 111 (2d Cir. 2023) ...........................................................................21

Thorne-Long v. City of N.Y.,
    2024 U.S. Dist. LEXIS 119748 (E.D.N.Y. 2024).....................................................12

Vasquez v. City of New York,
    2024 U.S. Dist. LEXIS 58731 (E.D.N.Y. 2024)................................... 12-13, 16, 19

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 82 (2d Cir. 2015)............................................................................20

W. 95 Hous. Corp. v. N.Y.C. Dep't of Hous. Pres. & Dev.,
    2001 U.S. Dist. LEXIS 7784 (S.D.N.Y. Jun. 12, 2001) ......................................17

Walton v. N.Y. State Dep't of Corr. Servs.,
    8 N.Y.3d 186 (2007) ....................................................................................7

Watergate II Apts. v Buffalo Sewer Auth.,
    46 N.Y.2d 52 (Ct. App. 1978) ........................................................................8

We The Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (Ct. App. 2021) *opinion clarified*, 17 F.4th 368 (2d Cir. 2021)............12, 16, 20

Williams v. New York City Police Dep't,
    930 F. Supp. 49, 1996 U.S. Dist. LEXIS 7960 (S.D.N.Y. 1996) .............................6

Xu v. City of New York,
    2020 U.S. Dist. LEXIS 250821 (S.D.N.Y. 2020)..................................................23

**Statutes**                                                                              **Pages**

42 U.S.C. § 1983 .......................................................................................................15

42 U.S.C. § 2000e-5(e)1 ...........................................................................................9

Fed. R. Civ. P. 9(b) .................................................................................................25

Fed. R. Civ. P. 12 .....................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1

N.Y. Educ. Law § 3020 ......................................................................................1, 15

N.Y. Educ. Law § 3020-a .............................................................................1, 15, 24

N.Y. Educ. Law § 3813 ...........................................................................................10

N.Y. Educ. Law § 3813(1) ................................................................................10, 11

## PRELIMINARY STATEMENT

Plaintiffs Dianne Baker-Pacius and Christopher Garry, both former employees of the Department of Education of the City of New York ("DOE"), commenced this action against DOE, Melissa Aviles-Ramos, and Katherine Rodi (collectively, "Defendants") on February 10, 2025, alleging that the DOE, by placing them on leave without pay and terminating their employment due to their failures to comply with the COVID-19 vaccine mandate applicable to DOE employees ("Vaccine Mandate"), Defendants violated the Fifth and Fourteenth Amendments to the United States Constitution and violated their property rights under Education Law §§ 3020 and 3020-a. Plaintiff Baker-Pacius alleges discrimination on the basis of her alleged religious beliefs, and Plaintiff Garry alleges discrimination on the basis of an alleged medical condition. Plaintiffs allege that Defendants failed to accommodate them in violation of the New York State and New York State Human Rights Laws ("SHRL" and "CHRL," respectively), and appear to allege a Title VII failure to accommodate claim. Plaintiffs also allege stigma plus, fraud in the inducement, allege that Defendants failed to engage in a cooperative dialogue with them about their reasonable accommodation requests ("RA Request" or "RA Requests"), and Plaintiff Garry appears to being a claim under the Rehabilitation Act. Plaintiffs seek reinstatement to their positions of employment with DOE with raises, backpay, and benefits.

Defendants now move to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) the Vaccine Mandate and the review process thereunder has been upheld as entirely lawful and not violative of the United States Constitution; (2) both Plaintiffs failed to commence this action within ninety (90) days of the EEOC's issuance of their respective right to sue letters, thus any attempted Title VII claims here fail; (3) neither Plaintiff timely filed a Notice of Claim, thus barring all state law claims they purport to bring against the DOE; (4) neither Plaintiffs appealed the DOE's denial of their RA

Request, and thus did not exhaust their administrative remedies prior to commencing this action; (5) Plaintiff Baker-Pacius fails to allege any facts that demonstrate she was discriminated against on the basis of her religion; (6) Plaintiff Garry fails to allege any facts that demonstrate he was discriminated against on the basis of a purported disability; (7) Plaintiffs fail to plead an Equal Protection Clause claim; (8) the Vaccine Mandate did not violate procedural or substantive due process; (9) the Takings Clause is not implicated here because tenure does not rise to the level of a fundamental right; and, (10) Plaintiffs fail to plead a stigma plus claim or fraud in the inducement claim. Finally, to the extent Defendants seek to amend their complaint a second time, their request should be denied because amendment cannot overcome the procedural hurdles warranting dismissal here.

Thus, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, with prejudice.

## STATEMENT OF FACTS

**A.    The COVID-19 Vaccine Mandate and Reasonable Accommodation Process**

On August 24, 2021, then-Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dr. Dave Chokshi, issued an Order requiring all DOE employees to show proof of at least one dose of COVID-19 vaccination by September 27, 2021 ("DOE Order")[1]. The DOE Order states, in pertinent part, that by September 27, 2021, DOE employees were required to provide proof to the DOE that: (1) they had been fully vaccinated against COVID-19; or (2) they had received a single-dose COVID-19 vaccine, even if two weeks

---

[1]  See  https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (last accessed on July 21, 2025)."

had not passed since they received the vaccine; or, (3) they had received the first dose of a two-dose COVID-19 vaccine.  Id.

After the issuance of the DOE Order, DOE and United Federation of Teachers ("UFT"), the bargaining unit for teachers employed by DOE, negotiated regarding the impact of the DOE Order.  On September 10, 2021, Arbitrator Martin F. Scheinman issued a decision ("Arbitration Agreement") establishing (1) a process by which DOE employees could submit reasonable accommodation requests for exemptions from the  Vaccine Mandate; (2) options to voluntarily separate from service with certain benefits or extend LWOP with health benefits for employees who did not comply with the DOE Order; and, (3) that starting December 1, 2021, DOE could seek to separate employees who had been placed on LWOP due to vaccination status and had not either opted for separation or extended such LWOP pursuant to the provisions set forth in Arbitrator Scheinman's decision. See Martin F. Scheinman Arbitration Agreement, dated September 10, 2021, annexed to the Declaration of Kathleen M. Linnane ("Linnane Decl.") as Exhibit "A."  The Arbitration Agreement also set forth the process by which employees whose requests for exemptions to the Mandate were denied by DOE could appeal those denials. Id.

## B.    Plaintiffs' Allegations in the Amended Complaint

### a.   Plaintiff Baker-Pacius' Allegations

Plaintiff Baker-Pacius ("Baker-Pacius") alleges that she was hired by DOE in 2005. See Amended Complaint ("AC") ¶12.  Baker-Pacius alleges that on September 21, 2021, she "filed a request for a religious exemption and a 3020-a hearing but was denied both," that her RA Request was denied on September 22, 2021, and that she was "charged with misconduct." Id. ¶¶12, 26. Baker-Pacius alleges that her RA Request was "in support of her life-long sincere religious beliefs," though Baker-Pacius does not allege what her religious belief is.  Baker-Pacius alleges that in January, 2022 she "tried again […]to submit her statement for religious accommodation,

but could not get her RA request submitted." Id. Baker-Pacius alleges that "the Mayor and Commissioner of Health had no authority to deprive [her] of her due process hearing," that she wrote various letters to DOE about the "lawless procedures being used," and that in May of 2022, she "received information that the DOE had placed a Problem Code on her personnel file." Id. ¶¶25, 28, 31.  Plaintiff does not indicate from whom or what source she received this alleged "information."

### b. **Plaintiff Garry's Allegations**

Plaintiff Garry ("Garry") alleges that he taught Physical Education with the DOE. Id. ¶13.  Garry alleges that on September 15, 2021, he "submitted his doctor's note informing Defendants that he was prohibited from getting vaccinated," and that "[o]n September 21, 2021, [he] was denied a medical accommodation." Id. ¶38.  Garry alleges that he did not submit an appeal to the DOE's denial of his RA Request. Id. ¶39.  Though Garry claims a number of the times in the Complaint that he is disabled and has a disability, he does not allege in the Amended Complaint what that disability is, nor that DOE was aware of a disability.  Instead, in an exhibit appended to the Amended Complaint, Garry appears to claim that his disability is "multiple pulmonary embolism's [sic]." See ECF 8 at 27.  Garry alleges that his employment was terminated on February 11, 2022. See AC ¶85.  Garry alleges that in May of 2022, he "received information that the DOE had placed a Problem Code on his personnel file." Id. ¶44.  As is the case with Plaintiff Baker-Pacius, Garry does not allege from whom or what source he received this alleged "information."

### STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, a court "must accept as true all of the factual allegations set out in [a] plaintiff's complaint, draw inferences from those allegations in the light most favorable to [the] plaintiff, and construe the

complaint liberally." <u>Roth v. Jennings</u>, 489 F.3d 499, 510 (2d Cir. 2007).  That said, the complaint must still "plead enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss.  <u>IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp.</u>, 783 F.3d 383, 389 (2d Cir. 2015) (quotation marks and citation omitted).

A plaintiff has pled a facially plausible claim if the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Lynch v. City of New York</u>, 952 F.3d 67, 74 (2d Cir. 2020) (internal quotation marks omitted) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).  But for a claim within a complaint to be plausible, the complaint must do more than "merely create[] a suspicion [of] a legally cognizable right of action."  <u>Id.</u> (first alteration added) (internal quotation marks omitted) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  While a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff in addressing a plaintiff's claim on a motion to dismiss, it is not required "to give effect to a complaint's assertions of law or legal conclusions couched as factual allegations."  <u>Lynch</u>, 952 F.3d at 75-76.

**ARGUMENT**

**POINT I**

**ALL CLAIMS BY BOTH PLAINTIFFS ARE
TIME-BARRED**

All claims by both Plaintiffs are time-barred and should be dismissed.  The statute of limitations for Plaintiffs' federal claims is three years. <u>See</u> <u>Williams v. New York City Police Dep't</u>, 930 F. Supp. 49, 50, 1996 U.S. Dist. LEXIS 7960, *1 (S.D.N.Y. 1996); <u>McDonald v. City of New York</u>, 2022 U.S. Dist. LEXIS 84310, *5 (E.D.N.Y. 2022).  Here, Plaintiffs predicate their federal claims on the DOE's denials of their RA Requests. <u>See</u> AC, *generally*.  And the statute of limitations to challenge an employer's determination of a reasonable accommodation request is

triggered when that employer denied the request. See Blair v. L.I. Child & Family Dev. Servs., 2017 U.S. Dist. LEXIS 14177, at *38-39 (E.D.N.Y. Jan. 31, 2017).  New York State Courts have similarly held that the statute of limitations to challenge the determination of a reasonable accommodation request[2] begins to run **on the date that a party is notified of the determination of the accommodation request**.  The New York Court of Appeals has explained that:

> An administrative determination becomes "final and binding" when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies.  "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party.

See Walton v. N.Y. State Dep't of Corr. Servs., 8 N.Y.3d 186, 194 (2007) (ellipsis in original) (quoting Best Payphones, Inc. v. Dep't of Info. Tech. & Telecomms., 5 N.Y.3d 30, 34 (2005)).  Stated differently, an agency determination is "final and binding" "when the [party] is aggrieved by the determination.  A [party] is aggrieved once the agency has issued an unambiguously final decision that puts the petitioner on notice that all administrative appeals have been exhausted."  Carter v. State, 95 N.Y.2d 267, 270 (N.Y. 2000) (internal citations omitted).  The "'final and

---

[2] With respect to reasonable accommodation requests for exemptions to the COVID-19 Vaccine Mandate, New York State Supreme Courts have regularly held that the "statute of limitations […] *begins to run on the date that the denial is communicated to the employee*."  See Bath et al. v. FDNY et al., 2023 N.Y. Misc. LEXIS 2744, at *4 (Sup. Ct. N.Y. Cnty, Jun. 2, 2023) (emphasis added); see also, e.g., Davila v. City of New York et al., Index No. 156349/2022 (Sup. Ct. Rich. Cnty, Aug. 31, 2023); Phaire v. Mayor of New York City, et al., Index No. 863/2022 (Sup. Ct. Kings Cnty., Aug. 9, 2023); Jaloza v. New York City Dep't of Educ. et al., Index. No. 706616/2023 (Sup. Ct. Queens Cnty. Jul. 24, 2023); Johnson v. City of New York et al., 2023 N.Y. Misc. LEXIS 2910 (Sup. Ct. N.Y. Cnty. Jun. 12, 2023); Mendez v. FDNY et al., 2023 N.Y. Misc. LEXIS 2352 (Sup. Ct. N.Y. Cnty., May 12, 2023); Demerest v. New York City Police Dep't et al., 2023 N.Y. Misc. LEXIS 328 (Sup. Ct. N.Y. Cnty. Jan. 24, 2023), Farca v. Bd. of Educ. of the City Sch. Dist. of N.Y., 2022 N.Y. Misc. LEXIS 9341 (Sup. Ct. N.Y. Cnty. Nov. 9, 2022).

binding determination' from which the […] limitations period is measured . . . is the point when the challenged action has its impact." See Mundy v. Nassau County Civil Serv. Commn., 44 N.Y.2d 352, 357-58 (1978).

Here, DOE denied Plaintiff Garry's RA Request on September 21, 2021, and denied Plaintiff Baker-Pacius' RA Request on September 22, 2021. See AC ¶¶26, 38. Thus, to bring any federal claims against Defendants predicated on the denials of those RA Requests, Plaintiffs were required to bring any such claims no later than September 21, 2024 (Garry), and September 22, 2024 (Baker-Pacius). However, Plaintiffs instead waited until February 10, 2025 to commence this action, rendering their federal claims time-barred. Similarly, the statute of limitations for Plaintiffs' state law claims is one year and ninety days. Therefore, Plaintiffs were required to seek judicial intervention on any such claims no later than December 20, 2024 (Garry), and December 21, 2024 (Baker-Pacius), but failed to do so.

Thus, all of Plaintiff's claims are time-barred and the Amended Complaint must be dismissed accordingly.

## POINT II

### BOTH PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES, WARRANTING DISMISSAL OF ANY TITLE VII AND STATE LAW CLAIMS

**A.    Neither Plaintiff Appealed the DOE's Denial Of Their Reasonable Accommodation Request, and In Failing To Exhaust Their Administrative Remedies, Are Barred From Seeking Judicial Intervention With Respect to Those Denials Here.**

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law." See Watergate II Apts. v Buffalo Sewer Auth., 46 N.Y.2d 52, 57 (Ct. App. 1978); see also

Matter of Laureiro v. New York City Dep't. of Consumer Affairs, 41 A.D.3d 717, 719 (2d Dep't 2007); Matter of Dorme v. Slingerland, 41 A.D.3d 596, 596 (2d Dep't 2007).

Here, the Arbitration Agreement explicitly provides that, "If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE within one (1) school day of the DOE's issuance of the initial eligibility determination.  The request for appeal shall include the reason for the appeal and any additional documentation." See Linnane Decl., Exh. A at 10.  Despite this, no such appeal was ever requested or submitted by either Plaintiff.  And because both Plaintiffs failed to exhaust their administrative remedies prior to filing suit, they are barred from seeking judicial intervention here, and any claims with respect to the denial of their RA Requests must be dismissed in their entirety.

**B.     Any Title VII Claims Plaintiffs Attempt to Assert Here Are Barred Due to Plaintiffs' Failure to Commence This Action Within 90 Days of the EEOC's Issuance of Their Right to Sue Letters.**

Setting aside that the Amended Complaint is barred in its entirety because it is untimely, any Title VII claims Plaintiffs attempt to bring here are also barred because Plaintiffs did not commence this action within 90 days of the issuance by the by the Equal Employment Opportunity Commission ("EEOC") of their Right to Sue ("RTS") letters.

"Title VII requires an aggrieved party to exhaust administrative remedies before filing suit in federal court." See Ferguson v. Park Slope Food Co-Op, 2023 U.S. Dist. LEXIS 40766, at *12-13 (E.D.N.Y. 2023) (citation omitted).  To exhaust administrative remedies in New York, a plaintiff must file a charge of discrimination with the EEOC or the relevant state or local fair employment practices agency within 300 days of the alleged discriminatory acts. See 42 U.S.C. § 2000e-5(e)1; see also Robles v. Cox & Co., 841 F. Supp. 2d 615, 625 (E.D.N.Y. 2012).  A plaintiff cannot file suit until the EEOC or relevant local or state agency issues a notice of right

to sue. <u>Sirisena v. City of Univ. of N.Y.</u>, 2019 U.S. Dist. LEXIS 58384, at *10 (E.D.N.Y. 2019).  A plaintiff has ninety days from receipt of a notice of right to sue to file a lawsuit related to that charge.  <u>Guichardo v. Dollar Tree</u>, 2016 U.S. Dist. LEXIS 182869, at *8 (E.D.N.Y. 2016) (collecting cases).

As an initial matter, Plaintiffs fail to allege that they filed charges of discrimination with the EEOC, and fail to allege that they received RTS letters from the EEOC, warranting dismissal of their Title VII claims on those grounds alone. <u>See</u> AC, *generally*.  Indeed, Courts in this Circuit regularly hold that a plaintiff's failure to plead the receipt of a RTS letter warrants dismissal of Title VII claims. <u>See</u> <u>Harris v. New York</u>, 2022 U.S. Dist. LEXIS 48043 *6 (S.D.N.Y. 2022) ("a plaintiff must plead or provide evidence in a Title VII complaint that he or she received a [RTS] letter from the EEOC") (citing <u>Coleman v. Olinski</u> 2016 U.S. Dist. LEXIS 100359 (N.D.N.Y. 2016).  Here, because neither Plaintiff appended a RTS letter to the Amended Complaint, nor did either Plaintiff plead facts demonstrating that a RTS letter was received, any purported claims brought here pursuant to Title VII, including any claims for religious or disability discrimination or retaliation, must be dismissed.

Notwithstanding the foregoing, Garry was issued a Right to Sue letter on September 14, 2022, and Plaintiff Baker-Pacius was issued a RTS letter on August 14, 2023[3]. <u>See</u> Linnane Decl., Exh. B.  And this action, commenced on February 10, 2025, was commenced well beyond the 90-day deadline by which Plaintiffs were required under federal law to seek relief with respect to any Title VII claims. <u>See</u> <u>Lall v. N.Y. Hous. Auth.</u>, 2024 U.S. Dist. LEXIS 217946, *1-2

---

[3] Plaintiffs' Right to Sue letters may be incorporated by reference. <u>See</u> <u>L-7 Designs Inc. v. Old Navy, LLC</u>, 647 F.3d 419 (2d Cir. 2011) (citations omitted) ("A complaint is deemed to include … materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

(S.D.N.Y. 2024) ("Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike. If a *pro se* plaintiff misses her deadline by a few days, or even one day, her action must be dismissed as untimely."). Thus, because Plaintiffs failed to commence this action within 90 days of the EEOC's issuance of their RTS letters, any claims Plaintiffs purport to assert here pursuant to Title VII are untimely and must be dismissed accordingly.

**C.     Plaintiffs' State Law Claims Must Be Dismissed because Plaintiffs Failed to File Timely Notices of Claim.**

To the extent that Plaintiffs allege any state law claims against the DOE, any such claims fail because Plaintiffs did not file timely Notices of Claim ("NOC" or NOCs"). Indeed, Education Law § 3813 requires that a plaintiff file a NOC against DOE within 90 days of a claim accruing before bringing any claim against DOE. See N.Y. Educ. Law § 3813(1); Carter v. Syracuse City Sch. Dist., 850 F. App'x 22, 25 (2d Cir. 2021). An EEOC Charge cannot substitute for a NOC. See Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196 n.1 (S.D.N.Y. 2006) (collecting cases).

Here, though both Plaintiffs filed Notices of Claim, neither NOC was timely, warranting dismissal of Plaintiffs' state law claims. A late NOC is a legal nullity, and a court cannot grant leave to file a late NOC once the statute of limitations on the claims has passed. See Dayton v. City of Middletown, 786 F. Supp. 2d 809, 825 (S.D.N.Y. 2011); Santiago, 434 F. Supp. 2d at 196-97, 197 n.3 (citations omitted).

Both Plaintiffs allege that their RA Requests were denied in September 2021, and that their employment was terminated on February 11, 2022. See AC ¶85. Though the statute of limitations on claims predicated on the denial of an accommodation request starts to run on the date that request was denied, for the sake of argument, were the Court to consider the date Plaintiffs

10

were terminated by DOE as controlling for statute of limitations purposes on Plaintiffs' state law claims, Plaintiffs would have had to file NOCs within 90 days of their termination dates, or no later than May 12, 2022. See N.Y. Educ. Law § 3813(1); Carter, 850 F. App'x at 25.  However, Plaintiff Garry did not file his NOC until May 9, 2023, and Baker-Pacius until May 12, 2023, well beyond the 90-day deadline required by law. See Linnane Decl., Exh. C.  Thus, Plaintiffs failed to exhaust their administrate remedies with respect to their state law claims, warranting dismissal thereof.

**POINT III**

**ALL OF PLAINTIFFS' CONSTITUTIONAL
CLAIMS FAIL AND SHOULD BE DISMISSED**

The Amended Complaint does not contain sufficient allegations to support Plaintiffs' First Amendment Free Exercise or Establishment claims, Fourteenth Amendment Equal Protection claims, Fourteenth Amendment Due Process claims, or Fifth Amendment Takings Clause claims.  Thus, the Court should dismiss those claims accordingly.

**A.    Plaintiffs' Free Exercise Clause Claim Is Foreclosed by Second Circuit Precedent**

Though it in unclear in the Amended Complaint, Plaintiffs appear to claim that DOE's denial of their RA Requests violated the Free Exercise Clause of the United States Constitution. See AC ¶¶18, 97.  However, this claim is foreclosed by Second Circuit precedent conclusively determining that the Vaccine Mandate is neutral and generally applicable. Kane, 19 F.4th at 164 (finding the Vaccine Mandate neutral on its face because it applied to "all Department of Education employees, as well as City employees and contractors of DOE and the City who work in DOE school settings"); see also New Yorkers for Religious Liberty, 121 F.4th 448, 459-460 (2d Cir. 2024); We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 290 (Ct. App. 2021) *opinion clarified*, 17 F.4th 368 (2d Cir. 2021).

11

The Free Exercise Clause "'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability.'" New Yorkers for Religious Liberty, Inc., 121 F.4th at 459 (quoting Kane, 19 F.4th at 164); see Employment Div., Dep't of Human Res. v. Smith, 494 U.S. 872, 879 (1990).  Though Plaintiffs do not allege any actual facts showing that the Vaccine Mandate was not neural and generally applicable, "a plaintiff may carry the burden of proving a [F]ree [E]xercise violation . . . by showing that a government entity has burdened [her] sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" Kennedy v. Bremerton Sch. Dist., 597 U.S. 507, 525 (2022).  Plaintiffs fail to do so here.

Beyond asserting conclusory claims, Plaintiffs have not alleged any facts suggesting that the Vaccine Mandate or process by which they were required to submit RA Requests were neither neutral nor generally applicable, or that DOE unfairly targeted Plaintiff Baker Pacius' religion.  Finally, First Amendment claims involving the Vaccine Mandate at issue have been almost uniformly rejected in this Circuit.  See, e.g., Thorne-Long v. City of N.Y., 2024 U.S. Dist. LEXIS 119748 (E.D.N.Y. 2024); Vasquez v. City of New York, 2024 U.S. Dist. LEXIS 58731, at *28-29 (E.D.N.Y. 2024); Kane, 19 F.4th at 164; Kane v. De Blasio, 623 F. Supp. 3d 339, 354-59 (S.D.N.Y. 2022), aff'd in part, New Yorkers for Religious Liberty, Inc., 121 F.4th 448. Because the Amended Complaint fails to state a Free Exercise Clause claim, any such claim should be dismissed.

## B.    Plaintiff Baker Pacius' Establishment Clause Claim Fails

To the extent that Plaintiff Baker-Pacius attempts to allege an Establishment Clause violation (see AC ¶97), that claim also fails.  To establish such a claim, a plaintiff must plead facts suggesting the government "enact[ed] [] laws that have the 'purpose' or 'effect' of 'advancing or inhibiting religion,'" or laws that show a "'denominational preference' by preferring one religion over another." New Yorkers for Religious Liberty, Inc., 121 F.4th at 460 (quoting first Agostini v.

Felton, 521 U.S. 203, 222-23 (1997); and then quoting Larson v. Valente, 456 U.S. 228, 244-46 (1982)).

As an initial matter, in noting that "there is a long history of vaccination requirements in this country and in [the Second] Circuit," the court in Kane held that the Vaccine Mandate does not violate the Establishment Clause. Kane 623 F. Supp. 3d 339, 358-59 (collecting cases). Further, Plaintiff Baker-Pacius fails to plausibly plead facts suggesting that the Mandate advanced or inhibited religion or showed preference to any particular religion. See AC, *generally*. And indeed, the Second Circuit has determined that the processes followed by the Citywide Panel did not violate the Establishment Clause in any manner whatsoever. See New Yorkers for Religious Liberty, Inc., 121 F.4th at 460-61. Thus, to the extent this Court determines that Plaintiff Baker-Pacius asserted an Establishment Clause claim, her claim fails and must be dismissed.

## C.    Plaintiffs' Due Process Claims Fail

To the extent Plaintiffs allege they were denied their purported rights to procedural due process, those claims also fail. To succeed on a procedural due process claim, a plaintiff must plead facts plausibly demonstrating that s/he possessed a protected liberty or property interest, and that s/he was denied that interest without constitutionally sufficient process. Broecker v. N.Y. City Dep't of Educ., 2023 U.S. App. LEXIS 30076, at *4–5 (2d Cir. 2023). The Court must look to federal constitutional standards rather than state statutes to determine whether the afforded procedures were constitutionally sufficient. Robinson v. Via, 821 F.2d 913, 923 (2d Cir. 1987). "When a tenured public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." Locurto v. Safir, 264 F.3d 154, 171 (2d Cir. 2001). Post-termination administrative procedures provided by state statute are generally sufficient to provide due process when coupled with a pre-termination opportunity to respond. Cleveland

Bd. of Educ. v. Loudermill, 470 U.S. 532, 547–48 (1985); Fugelsang v. Dep't of Educ. of N.Y.C., 2025 U.S. Dist. LEXIS 61440, at *17-18 (E.D.N.Y. 2025) where individuals were "provided notice that [they] would be terminated for failure to comply with the vaccine mandate and received an opportunity to be heard before [their] termination, [they were] afforded constitutionally adequate process.")

Here, Plaintiffs allege they were terminated absent due process. AC ¶¶ 85, 122, 140. However, Courts in this Circuit have consistently held that the Vaccine Mandate, and employment decisions made as a result of an individual's failure to comply with the Mandate, do not implicate due process. See Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021); see also N.Y.C. Mun. Labor Comm. v. City of N.Y., 73 Misc. 3d 621, 622 (Sup. Ct. NY Cnty. 2021). Furthermore, Plaintiffs have not plead any facts to suggest that the pre- or post- deprivation processes afforded to them were constitutionally deficient. See Broecker, at *5. Moreover, "pre-deprivation processes 'need not be elaborate,' and the Constitution 'mandates only that such process include, at a minimum, notice and the opportunity to respond.'" Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *14-15 (quoting O'Connor v. Pierson, 426 F.3d 187, 197 (2d Cir. 2005). "Indeed, the ability to submit a request for exemption from a mandate before any consequences are imposed is an adequate opportunity to be heard." Id. at *16-17.

As to post-deprivation process, "[t]here is no constitutional violation, and thus no available § 1983 action, when a plaintiff has access to an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property." Davis v. City of New York, 2007 U.S. Dist. LEXIS 78031, at *14 (E.D.N.Y. Sep. 28, 2007). Here, Plaintiffs had the opportunity to seek relief through an Article 78 proceeding, and though both Plaintiffs did, in fact, bring Article 78 proceedings in New York State Supreme Court, both Plaintiffs' claims were fully dismissed on

procedural grounds. See Garry et al. v. Adams et al., Index No. 801003/2023E (Sup. Ct. Bronx Cnty); Miraglia et al. v. New York City Dep't of Educ., Index No. 85062/2024 (Sup. Ct. Richmond Cnty).

Further, to the extent Plaintiffs claim they were entitled to hearings pursuant to Education Law §§ 3020 and 3020-a, though, as set forth above, these claims are time-barred, these claims also fail as a matter of law. Education Law § 3020 provides the exclusive method of disciplining a tenured teacher in New York and requires the filing of charges, a determination of whether probable cause exists to bring a disciplinary proceeding, and a hearing before an arbitrator. EL § 3020-a. The Second Circuit has held that COVID-19 vaccination was a condition of employment for DOE and City employees and does not implicate disciplinary procedures. See Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *11-12 (E.D.N.Y. 2023); Marciano v. De Blasio, 589 F.Supp.3d 423, 436 (S.D.N.Y. 2022); Garland v. New York City Fire Dep't, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. 2024).   Thus, because Plaintiffs were not entitled to § 3020-a hearings, and because they were given sufficient pre- and post- deprivation procedures, Plaintiffs were not deprived of procedural due process rights.

To the extend plead, Plaintiffs' substantive due process claims fare no better. Indeed, it is well settled in the Second Circuit that the Vaccine Mandate, and vaccine mandates generally, do not implicate any fundamental right.  To succeed on such a claim requires plaintiffs to plead facts meeting a two-step analysis. Kane, 623 F. Supp. at 359 (citing Hurd v. Fredenburgh, 975 F.3d 1085, 1087-89 (2d Cir. 2021)).  A plaintiffs must (1) "identify the constitutional right at stake," id. (quoting Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995)), and if such a right is implicated, (2) "demonstrate that the state action was so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience such that the Due Process Clause would

15

not countenance it even were it accompanied by full procedural protection." Id. at 360 (internal quotation marks omitted) (quoting Hurd, 975 F.3d at 1087).

Plaintiffs fail to plead any elements of this claim.  Further, both [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." Kane, 623 F. Supp. 3d at 359-60 (quoting We the Patriots USA, 17 F.4th at 293, *opinion clarified*, 17 F.4th 368 (2d Cir. 2021)); see Vasquez, at *31; Sutton v. Adams, 2024 U.S. Dist. LEXIS 86023, at *9 (S.D.N.Y. May 13, 2024) (collecting cases).  Furthermore, "plaintiffs have no constitutional right to work in person with children in the New York City public schools." Id. (citing Maniscalco, 563 F. Supp. 3d at 39).  Morevoer, even were a fundamental right at issue (which it is not), "plaintiffs 'must demonstrate that the state action was so egregious, that it may fairly be said to shock the contemporary conscience,' such that the Due Process Clause 'would not countenance it even if it were accompanied by full procedural protection.'" Id. (quoting Hurd, 975 F.3d at 1087). Requiring employees who work with children during a global pandemic falls well below this standard. "[T]here is a long history of mandatory vaccination laws in this country,'" and "'mandating a vaccine approved by the FDA . . ." does not meet this standard. Id. (quoting Maniscalco, 563 F. Supp. 3d at 39).  Accordingly, Plaintiffs' substantive due process claim should be dismissed.

**D.    Plaintiffs' Takings Clause Claim Fails**

Though cloaked as a separate cause of action, Plaintiffs' Taking Clause cause of action, whereby Plaintiffs allege that "Defendants deliberately denied Plaintiffs their property interests in keeping their jobs[…] is unjustified retaliation and discrimination," is just a repackaging of their due process claims, procedurally-barred Title VII claims, and stigma plus

claim.  Nevertheless, to state claim for a violation of the Takings Clause, "a plaintiff must allege facts sufficient to establish '(1) a property interest (2) that has been taken under color of state law (3) without just compensation.'" W. 95 Hous. Corp. v. N.Y.C. Dep't of Hous. Pres. & Dev., 2001 U.S. Dist. LEXIS 7784, at *25 (S.D.N.Y. Jun. 12, 2001) (quoting Frooks v. Town of Cortlandt, 997 F. Supp. 438, 452 (S.D.N.Y. 1998)). Although tenure "once conferred, is a property interest protected by the Due Process Clauses of the Fifth and Fourteenth Amendments," as discussed above, Plaintiffs' due process rights were not violated by the Vaccine Mandate.  Thus, Plaintiff's Takings Clause claim fails and must be dismissed.

**E.      Plaintiffs' Equal Protection Clause Claims Fail**

Plaintiffs allege that in "engag[ing] in selective enforcement of their own laws," Defendants "unlawfully deprived [them] of their right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment of [sic] the United States Constitution." See AC ¶125.  To succeed on a selective enforcement claim, a plaintiff must plead facts that establish (1) the plaintiff was treated differently from a similarly situated individual; and, (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  See Clay v. City of N.Y., 2016 U.S. Dist. LEXIS 128348, at *17 (S.D.N.Y. 2016) (citations omitted).  As a threshold matter, a plaintiff asserting selective enforcement claims must provide a comparator to whom they are similarly situated.  See Glover v. City of N.Y., 2018 U.S. Dist. LEXIS 174550, at *34 (E.D.N.Y. 2018) ("A showing that the plaintiff was treated differently compared to others similarly situated is a prerequisite […] to a selective enforcement claim.") (citations omitted).

Here, Plaintiffs fail to identify a suitable comparator or plead a single fact to show that they were treated differently than any other similarly-situated individual whose employment was not terminated by DOE. See Picinich v. N.Y.C. Dep't of Educ., 2018 U.S. Dist. LEXIS 122959,

at *11 (E.D.N.Y. 2018) ("Well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim."). Instead, Plaintiffs refer to "professional athletes, performers, and their entourages, election workers, school bus drivers and delivery personnel, as well as most of the private sector" (AC ¶ 62) to "other tenured educator [sic] in the State, (id. ¶129), and to an "RF," whom, they allege, was "[a]t St. Brigid's School," and was "an unvaccinated Assistant Principal." Id. ¶86. Notably, none of these are similarly situated to Plaintiffs, who were public-school teachers, and are not bus drivers, performers, or in an entourage, nor were they Assistant Principals at a private educational institution.  Because Plaintiffs fail to allege a selective enforcement claim, their purported Fourteenth Amendment claim fails.

**POINT IV**

**PLAINTIFFS' TITLE VII CLAIMS FAIL**

Though Plaintiffs' Title VII claims are barred because they did not commence this action within 90 days of receiving their RTS letters, their Title VII claims also fail as a matter of law.[4]

**A.    Plaintiff Baker-Pacius' Religious Discrimination Claim Fails**

A Title VII discrimination claim requires that a plaintiff plausibly allege facts showing that "(1) the employer took adverse action against h[er], and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision.'" Murray v. Brag Sales

---

[4] The Amended Complaint's Third Cause of Action makes reference to ADA retaliation (AC ¶¶110-111), but Plaintiffs set forth no allegations or purported facts of retaliatory conduct. To the extent that the Court construes retaliation to be a cause of action in the AC, it should be dismissed as time-barred and for failure to plausibly plead a claim.

Inc., 2024 U.S. Dist. LEXIS 153586, at *9 (S.D.N.Y. 2024). The facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent. See Cooper v. Franklin Templeton Invs., 2023 U.S. App. LEXIS 14244, at *5 (2d Cir. 2023).

As an initial matter, as set forth hereinabove, the Vaccine Mandate has consistently been upheld as a lawful condition of employment for employees of the DOE and City of New York ("City"). On this point, every Court that has encountered this question has held that the Vaccine Mandate is lawful condition of employment for DOE and City employees. See Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022); Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. 2024); Beickert, at *11-12 ; Garland v. N.Y.C. Fire Dep't, 574 F. Supp. 3d 120 (E.D.N.Y. 2021); Vasquez, at *24. When an employee fails to satisfy a condition of employment, that employee is no longer qualified to serve as a public employee. We The Patriots, 17 F.4th 266. Here, Plaintiffs, in failing to comply with the Vaccine Mandate, failed to satisfy a condition of their DOE employment, were no longer qualified for employment with DOE, and their employment was, therefore, terminated.

With respect to any alleged discriminatory treatment by DOE, the Amended Complaint does not set forth a single fact to plausibly suggest that Baker Pacius' purported religion was a motivating factor in DOE's decision to deny her RA Request and terminate her employment. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 82, 87 (2d Cir. 2015). Baker-Pacius does not allege that she was criticized in "religiously degrading terms," or that "invidious comments" were made about her or others who held the same alleged religious belief. See D'Cunha v. Northwell Health Sys., 2023 U.S. Dist. LEXIS 33343, at *6 (S.D.N.Y. 2023). Furthermore, the Amended Complaint is absent facts that suggest Baker-Pacius' termination was motivated by

19

religious discrimination.  Vega, 801 F.3d at 87.  For these reasons, any claim of religious discrimination asserted here by Baker Pacius fails and must be dismissed.

## B.    Plaintiffs' Failure to Accommodate Claims Fail

Plaintiffs' failure to accommodate claims should be dismissed because both Plaintiffs fail to plead a failure to accommodate claim.  To succeed on a Title VII failure to accommodate religious discrimination claim, a plaintiff must plead that "(1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employer of this belief; and (3) [she was] disciplined for failure to comply with the conflicting employment requirement."  Rizzo v. N.Y.C. Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666, at *6 (S.D.N.Y. July 2, 2024) (quoting Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006)).  Similarly, "[t]o make out a *prima facie* disability discrimination claim based upon a failure to accommodate, a plaintiff must establish that: '(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'"  Tafolla v. Heilig, 80 F.4th 111, 118-19 (2d Cir. 2023), quoting McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009); see also Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006) ("A claim of disability discrimination under the [NYSHRL] . . . is governed by the same legal standards as govern federal ADA claims.").  Although courts construe the SHRL and CHRL more broadly, the elements of a CHRL failure to accommodate claim are the same.  Marte v. Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884, at *19 (S.D.N.Y. 2022) (citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013)); id. (quoting Price v. Cushman & Wakefield, Inc., 829 F. Supp. 2d 201, 222 (S.D.N.Y. 2011 ).

If a plaintiff pleads a *prima facie* case, "the burden then shifts to the employer to show that it could not accommodate the employe […]without undue hardship." Islam Chowdhury v. Dep't of Hous. Pres., 2025 U.S. Dist. LEXIS 40873, *18-19 (S.D.N.Y. 2025). While a plaintiff need not establish a *prima facie* case at the pleading stage, a plaintiff must "set forth factual circumstances from which discriminatory motivation can be inferred, which may include facts suggesting preferential treatment given to similarly situated individuals, or remarks that convey discriminatory animus." Algarin v. City of N.Y., 2012 U.S. Dist. LEXIS 146190, at *2 (S.D.N.Y. Oct. 10, 2012) (emphasis added).

First, Plaintiff Baker-Pacius fails to allege she has a bona fide religious belief that conflicts with the Vaccine Mandate.  Indeed, the Amended Complaint is absent of allegations supporting her contention that she held a sincere religious belief that conflicted with the Vaccine Mandate and that she informed the DOE of the conflict when she submitted her religious exemption request in September 2021. See AC, *generally*.  And further, "Plaintiff's assertion that she is a Christian and that she has a personally held religious belief preventing her from being vaccinated is not sufficient because she does not allege what that belief is or how that belief conflicts with vaccination." Barrett v. Dep't of Educ., 2025 U.S. Dist. LEXIS 121864, at *11 (E.D.N.Y. Jun. 26, 2025).

Second, as it pertains to Plaintiff Garry's claim that DOE failed to accommodate his disability, Garry fails to allege that he had a qualifying disability, nor that his purported disability was a contraindication to the available COVID-19 vaccines.  Indeed, at the motion to dismiss stage, "Plaintiff's [conclusory] allegation[s] that []he is 'disabled' or has a 'disability,' is insufficient because legal conclusions couched as factual allegations are insufficient to survive a motion to dismiss." Holt v. Crossmark, 2013 U.S. Dist. LEXIS 90396, at *13 (W.D.N.Y. June 27,

2013) (motion to dismiss plaintiff's SHRL claim granted since "[t]here is no allegation in the Complaint of the nature of plaintiff's alleged disability, or any indication that the disability is one which would severely impair, on a permanent or long term basis, participating in a major life activity."). Here, there is nothing in the AC sufficiently alleging that Garry's alleged "condition" is, in fact, a disability, that this disability affected a major life activity, or how this disability would be affected by the vaccine. See AC, *generally*.

Moreover, even were the Court finds that Plaintiffs had sufficiently pleaded either a bona fide religious belief that conflicted with the Vaccine Mandate or a disability, Defendants can easily show undue hardship. "If the prima facie case is shown, 'the burden then shifts to the employer to show it could not accommodate the employees' religious beliefs without undue hardship.'" Algarin v. N.Y.C. Health & Hosps. Corp., 678 F. Supp. 3d 497, 508 (S.D.N.Y. 2023) (quoting Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 157 (2d Cir. 2001)), aff'd, No. 23-1063, 2024 U.S. App. LEXIS 6114 (2d Cir. Mar. 14, 2024) (summary order); Mumin, 2024 U.S. Dist. LEXIS 228994, at *16-17 (collecting cases). An employer can raise the affirmative defense of undue hardship in a pre-answer motion to dismiss "if the defense appears on the face of the complaint." D'Cunha v. Northwell Health Sys., No. 23-476-cv, 2023 U.S. App. LEXIS 30612, at *7 (2d Cir. Nov. 17, 2023) (summary order) (quoting Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd., 620 F.3d 137, 145 (2d Cir. 2010)). "An accommodation is said to cause an undue hardship whenever it results in more than a *de minimis* cost to the employer." Dennison v Bon Secours Charity Health Sys. Med. Group, P.C., 2023 US Dist. LEXIS 84888, at *12 (S.D.N.Y. 2023) (internal citations omitted). "Indeed, the hardship that the presence of unvaccinated employees would pose for the DOE has been well-documented by courts in this circuit." Fugelsang, 2025

U.S. Dist. LEXIS 61440 at *8 (collecting cases). Therefore, Plaintiffs' failure to accommodate claims should be dismissed.

**POINT V**

**PLAINTIFFS' STIGMA PLUS CLAIM FAILS
AND MUST BE DISMISSED**

To state a claim of stigma plus, a plaintiff must allege "(1) an injury to one's reputation (the stigma); (2) the deprivation of some 'tangible interest' or property right (the plus) (3) absence of adequate process." See Xu v. City of New York, 2020 U.S. Dist. LEXIS 250821, *75-76 (S.D.N.Y. 2020) (quoting Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006)) (internal quotation marks and citation omitted). To demonstrate stigma, a plaintiff must satisfy a three-prong test. First, a plaintiff must show that "the government made stigmatizing statements about her," which statements either "call into question the plaintiff's good name, reputation, honor, or integrity" or "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." Id. at *76. Second, a plaintiff must show that the "stigmatizing statements were made public." Id. Third, a plaintiff must show that "the stigmatizing statements were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal." Segal, 459 F.3d at 212-13.

Plaintiffs fail to meet even one element of a stigma plus claim. First, Plaintiffs were not deprived of due process. Second, beyond their conclusory claims based on nothing other than hearsay, Plaintiffs fail to show that the DOE called into question their good name, reputation, honor, or integrity, or that the alleged "problem code" ever prevented them from getting other employment. Further, though Defendants deny the existence of a problem code on Plaintiffs' personnel files, Plaintiffs do not, and cannot, plausibly allege that any alleged problem code was

23

made public.  <u>Fugelsang</u>, 2025 U.S. Dist. LEXIS 61440 at *21.  Finally, even were such a code to exist, it would indicate only that Plaintiffs were not compliant with the Vaccine Mandate, which, as Plaintiffs makes clear in their Complaint, is entirely true.  <u>See</u> AC ¶133.

As it is well-settled law that conclusory statements are not enough to survive a motion to dismiss, and because that is all that Plaintiffs allege here, Plaintiffs' stigma plus claims fail and must be dismissed. <u>See</u> <u>Ashcroft</u>, 556 U.S. 662 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to survive a motion to dismiss]").

**POINT VI**

**PLAINTIFFS' FRAUD IN THE INDUCEMENT
CLAIM FAILS AND MUST BE DISMISSED**

Plaintiffs purport to bring a fraud in the inducement claim, but simply reiterate their incorrect assertions that they were deprived of their due process rights, that they were entitled to a § 3020-a hearing before being terminated after refusing to be vaccinated, and that they were subject to religious and disability discrimination. <u>See</u> AC ¶¶132-143.  And a fraudulent inducement claim requires that a plaintiff  "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and, (4) explain why the statements were fraudulent." Fed. R. Civ. P. 9(b); <u>see also</u> <u>Kalaj v. Kay</u>, 2023 U.S. Dist. LEXIS 122687, *23 (E.D.N.Y. 2023).  Here, Plaintiffs fail to plead any facts that support a fraudulent inducement claim. Indeed, they allege no facts in the Amended Complaint which point to any specific fraudulent statements, nor about when or where any fraudulent statements were made. <u>See</u> AC ¶132-143. Thus, Plaintiffs' claim fails and must be dismissed accordingly.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss in its entirety, with prejudice, that Plaintiffs be denied leave to amend the Complaint a second time, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             July 21, 2025

                    **MURIEL GOODE-TRUFANT**
                    Corporation Counsel of the
                     City of New York
                    *Attorney for Defendants*
                    100 Church Street, Room 2-190
                    New York, New York 10007
                    212-356-2467

By:    /s/ *Kathleen M. Linnane*
            Kathleen M. Linnane
            Assistant Corporation Counsel

## **CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed memorandum of law, excluding the caption, tables of contents and authorities, and signature block, contains approximately 7,874 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:     New York, New York
             July 21, 2025


                                                    /s/ *Kathleen M. Linnane*
                                                    _____
                                                    Kathleen M. Linnane
                                                    Assistant Corporation Counsel