*** Filed ***
05:58 PM, 29 Aug, 2025
U.S.D.C., Eastern District of New York

Dianne Baker-Pacius
55 West 116th Street STE 396
New York, NY 10026
646-369-6792
DBCB.CG.2025@gmail.com

Date: August 29, 2025

*REC. IN P DRIVE 9/3/2025

Christopher J. Garry
75-27 217 Street
Oakland Gardens, NY 11364
917-572-9104
DBCB.CG.2025@gmail.com

**Via ECF**

The Honorable Magistrate Judge Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, NY 11201

**Re: Letter Response to Joint Status Report**
**No.: 1:25-cv-00743-AMD-JAM**

Dear Honorable Magistrate Judge Marutollo:

We, the Plaintiffs in the above-referenced matter, apologize for missing your submission date of August 25, 2025.

Upon the submission of our STATUS REPORT/LETTER dated July 11, 2025, we anticipated that the Defendants' attorney, Ms. Kathleen Linnane, would contact us before August 22, 2025, to collaborate on the Joint Status Report (JSR) Regrettably, we did communicate with her regarding this matter after our July 11 submission.

On August 27, 2025, at 12:56 p.m., Ms. Kathleen Linnane, Defendant's counsel, emailed the Plaintiffs with an update stating that the Defendant's proposed Joint Status Report would be filed by 5:00 p.m. the same day and requesting any suggestions from the Plaintiffs. We unfortunately did not view Ms. Linnane's email until early morning August 28, 2025, thus we missed the opportunity to adequately respond to the Defendant's JSR submission and propose any suggestions. With that said, Judge Marutullo, we apologize for not responding in a timely manner to meet your deadline. Moving forward, we intend to be diligent with our responses to ensure court orders and proceedings are punctual.

Regarding the status of our case, we have agreed to a stay on discovery until after the Defendants' motion to dismiss is decided. We will be responding to this Motion with our Opposition on or before September 16, 2025. No discovery has been submitted in this matter.

We filed our Complaint on February 10, 2025, and the Amended Complaint on April 23, 2025, as Ms. Linnane correctly stated in her letter dated August 27, 2025. However, she is incorrect in her summary of the facts, namely, because of what she omitted, which was:

- The NYC Department of Education terminated our employment because we requested a medical (Garry) and a religious (Baker-Pacius) accommodation, which would have allowed us to continue working as educators without receiving the COVID-19 vaccine.
- The September 15, 2021 COVID-19 Vaccine Mandate (CVM) permitted accommodations.

The Department of Health and Human Services (DOH)  implemented a COVID-19 vaccine mandate in August 2021. In September 2021, arbitrator Scheinman issued an arbitration award wherein accommodations for religious and medical needs were included in the Department of Education mandate. The DOH followed with a revised mandate also allowing religious and medical accommodations. Scheinman's arbitration award and procedure were found to be unconstitutional and were struck down in 2021 by this court. The Defendants created a Citywide Panel, where accommodation appeals would allegedly be heard in accordance with Title VII. In fact this Citywide Panel did not provide an individual review of the appeals they were charged to examine and has yet to provide an explanation of what they deemed an "undue" burden.

The Defendants failed to accommodate our requests to continue working with our students and persist in the work to which we dedicated our lives. Shockingly on or about October 4, 2021 the Defendants put a "Problem Code" on Plaintiffs' personnel files. This "Problem Code" significantly changed both Plaintiffs' lengthy careers and denied us any future employment with the Department of Education and/or any of its vendors. We were charged and found guilty of misconduct for submitting a request for an accommodation and terminated. Our terminations were invalid as a matter of law, statute, and contract, and the Problem Code cannot be justified.

Our suit is a precedent-setting case of first impression. A case of first impression in federal court involves a novel legal question that has not been decided by that court or any higher court within its jurisdiction. The questions that have not been answered are:

1. Can we, the Plaintiffs, win our backpay and all benefits because we were lawlessly found guilty of misconduct for requesting an accommodation rather than getting vaccinated with an experimental vaccine?
2. Does a tenured employee of the Department of Education charged with misconduct have a right to a pretermination Education Law §3020-a due process hearing?

Plaintiffs answer in the affirmative on both questions.

Thank you for your time and consideration.
 Respectfully submitted,

/s/ Dianne Baker-Pacius                    /s/ Christopher J. Garry
Dianne Baker-Pacius                         Christopher J. Garry
Pro Se Plaintiff                                  Pro Se Plaintiff