

THE CITY OF NEW YORK

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**J. Birt Reynolds**
Assistant Corporation Counsel
Labor and Employment Law Division
Telephone: (212) 356-2442
E-mail: jreynold@law.nyc.gov

September 18, 2025

<u>**Via ECF**</u>
Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room 1217 South
Brooklyn, New York 11201

Re: <u>Baker-Pacius et al. v. New York City Department of Education, et al.</u>
No. 25-cv-00743 (AMD)(JAM)

Dear Magistrate Judge Marutollo:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants, Department of Education of the City of New York, Melissa Aviles-Ramos, and Katherine Rodi, in the above-referenced matter. Defendants write to provide a status report, as directed by the Court on August 28, 2025.

Plaintiffs commenced this action on February 10, 2025, and filed an Amended Complaint on April 23, 2025. See ECF Nos. 1, 7. Plaintiffs, formerly employed by the Department of Education of the City of New York ("DOE"), were terminated by the DOE due to their failures to comply with the COVID-19 vaccine mandate applicable to DOE employees ("Vaccine Mandate"). Plaintiffs allege that in denying their reasonable accommodation requests for exemptions to the Vaccine Mandate, Defendants violated various provisions of law, including the Free Exercise and Equal Protection Clauses of the United States Constitution. Plaintiffs appear to bring claims of Title VII discrimination and retaliation, various due process claims, a stigma plus claim, and a fraud in the inducement claim. Plaintiffs further allege that Defendants' conduct violated the New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively).

On July 15, 2025, the Court granted Defendants' request to stay discovery and discovery is stayed "pending disposition of Defendants' anticipated motion to dismiss." <u>See</u> Text Order, dated July 15, 2025. On July 21, 2025, Defendants filed their Motion to Dismiss the Amended Complaint ("Motion to Dismiss"). <u>See</u> ECF Nos. 19-23. On August 25, 2025, Plaintiffs filed a letter motion seeking an extension of time to respond to Defendants' Motion to Dismiss. <u>See</u> ECF No. 25. On August 25, 2025, the Court granted Plaintiffs' request and extended the deadline for Plaintiffs to file their opposition to the Motion to Dismiss to September 16, 2025. <u>See</u> Text Order, dated Aug. 25, 2025. On September 3, 2025, Plaintiffs filed a letter stating that they would file their opposition on September 16, 2025, provided background on their case and communications with Ms. Linnane, prior counsel for Defendants, and then essentially requested the Court grant them certain relief. <u>See</u> ECF No. 27. On September 11, 2025, Plaintiffs moved for another extension of time to file their opposition to the Motion to Dismiss. <u>See</u> ECF No. 28. That request was granted on September 12, 2025, and Plaintiffs' opposition is due on October 15, 2025. Defendants' deadline to file their reply in support of their Motion to Dismiss is November 14, 2025.

The undersigned communicated with Plaintiffs about submitting a joint status letter. After circulating a proposed joint status letter, Plaintiffs initially requested the undersigned attach a separate letter containing various facts, issues, and arguments they wanted to bring to the Court's attention. The undersigned agreed to do so but informed Plaintiffs that Defendants did not agree to join in their separate letter. Plaintiffs then sent a subsequent status letter to the undersigned, which stated in the first paragraph that "City Law Attorney Reynolds informed us that he would not be adding our status report to his, therefore, we are sending our status report independently." This statement is materially inaccurate and false. Defendants also do not agree that Plaintiffs are entitled to any relief or that their status letter is proper or appropriate. It is the undersigned's understanding that Plaintiffs will be filing their status letter separately.

Defendants thank the Court for its attention to this matter.

Sincerely,

/s/
J. Birt Reynolds
Attorney for Defendants

Cc:     All parties (via CM/ECF and e-mail)
        Dianne Baker-Pacius and Christopher J. Garry, pro se plaintiffs.