Index No. 25-cv-00743 (AMD)(JAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANNE BAKER-PACIUS and
CHRISTOPHER J. GARRY,

                                      Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS, Chancellor, and
KATHERINE RODI, Director of Employee
Relations,

                                      Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*MURIEL GOODE-TRUFANT*
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, N.Y. 10007

*Of Counsel: Brigid Lynn*
*Tel: (212) 356-2481*
*Matter No. 2025-031939*

Served November 26, 2025

## **TABLE OF CONTENTS**

                                                                                     **Page**

TABLE OF AUTHORITIES ............................................................................................... III

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ........................................................................................................................... 1

    POINT I ............................................................................................................................ 1

        ALL CLAIMS THAT HAVE BEEN ABANDONED SHOULD BE DISMISSED ............................................. 1

    POINT II ........................................................................................................................... 2

        PLAINTIFFS' AMENDED COMPLAINT IS TIME-BARRED AND PROCEDURALLY BARRED ................. 2

            A.   Plaintiffs' Claims Are Time-Barred. ....................................................... 2

            B.   Plaintiffs Failed To Exhaust Available Administrative Remedies ....................................................... 3

            C.   Plaintiffs Do Not Satisfy The Notice of Claim Requirement ........................................................ 3

    POINT III .......................................................................................................................... 4

        PLAINTIFFS' CONSTITUTIONAL CLAIMS MUST BE DISMISSED ............................................................... 4

            A.   Plaintiffs Fail to State a Due Process Claim ....................................... 4

            B.   Plaintiff Baker-Pacius' Free Exercise Claim Fails ............................................................ 6

    POINT IV .......................................................................................................................... 6

        PLAINTIFFS' FAILURE TO ACCOMMODATE CLAIMS FAIL .............................................................. 6

    POINT V ........................................................................................................................... 7

        PLAINTIFFS' DISCRIMINATION CLAIMS FAIL ............................... 7

CONCLUSION ......................................................................................................................... 9

**Page**

CERTIFICATION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Pages**

Algarin v. NYC Health + Hosps. Corp.,
   678 F. Supp. 3d 497 (S.D.N.Y. 2023),
   *aff'd sub nom.*, Algarin v. N.Y. City Health,
   2024 U.S. App. LEXIS 6114 (2d Cir. Mar. 14, 2024)................................................................6

Baker v. Home Depot,
   445 F.3d 541 (2d Cir. 2006)........................................................................................................7

Basdeo v. N.Y. City Transit Auth.,
   2022 U.S. Dist. LEXIS 163122 (E.D.N.Y. Sept. 9, 2022)..........................................................2

Beckles v. N.Y.C. Dep't of Educ.,
   2025 U.S. Dist. LEXIS 149503 (E.D.N.Y. Aug. 4, 2025).........................................................7

Beickert v. N.Y.C. Dep't of Educ.,
   2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023).......................................................5

Bernheim v. New York City Dep't of Educ.,
   2020 U.S. Dist. LEXIS 120400 (S.D.N.Y. July 9, 2020) ...................................................... 3-4

Blair v. L.I. Child & Family Dev. Servs.,
   2017 U.S. Dist. LEXIS 14177 (E.D.N.Y. Jan. 31, 2017) ..........................................................3

Bonilla v. City of New York,
   2023 U.S. Dist. LEXIS 215081 (S.D.N.Y. Dec. 4, 2023) ..........................................................6

Broecker v. N.Y. City Dep't of Educ.,
   2023 U.S. App. LEXIS 30076 (2d Cir. 2023) ...........................................................................5

Dayton v. City of Middletown,
   786 F. Supp. 2d 809 (S.D.N.Y. 2011)........................................................................................4

Ezagui v. City of New York,
   726 F. Supp. 2d 275 (S.D.N.Y. 2010)........................................................................................1

Famiglietti v. N.Y.C. Dep't of Sanitation,
   2024 U.S. Dist. LEXIS 195618 (E.D.N.Y. Oct. 28, 2024).........................................................8

Fugelsang v. Dep't of Educ. of N.Y.C.,
   2025 U.S. Dist. LEXIS 61440 (E.D.N.Y. Mar. 31, 2025).....................................................7, 8

Garland v. New York City Fire Dep't,
   2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024) .................................................................5

**Cases**  **Pages**

Hurley v. Dep't of Educ. of the City of N.Y.,
    2025 U.S. Dist. LEXIS 188282 (E.D.N.Y. Sept. 23, 2025)..............................................5, 7, 8

Kemp v. Regeneron Pharms., Inc.,
    117 F.4th 63 (2d Cir. 2024) ..........................................................................................2

Maniscalco v. New York City Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) ...........................................................................5

Marciano v. De Blasio,
    589 F. Supp. 3d 423 (S.D.N.Y. 2022)..........................................................................5

McDonald v. City of New York,
    2022 U.S. Dist. LEXIS 84310 (E.D.N.Y. 2022)..........................................................2

New York City Mun. Labor Comm. v. City of New York,
    73 Misc. 3d 621
    (Sup. Ct. New York Cnty. 2021) .................................................................................5

Postell v. Fallsburg Library,
    2022 U.S. Dist. LEXIS 66900 (S.D.N.Y. Apr. 8, 2022)........................................... 1-2

Santiago v. Newburgh Enlarged City Sch. Dist.,
    434 F. Supp. 2d 193 (S.D.N.Y. 2006).........................................................................4

Tafolla v. Heilig,
    80 F.4th 111 (2d Cir. 2023) .........................................................................................7

Tooly v. Schwaller,
    919 F.3d 165 (2d Cir. 2019).........................................................................................5

Vesterman v. Dep't of Educ.,
    2025 U.S. Dist. LEXIS 193617 (E.D.N.Y. Sept. 30, 2025)...................................... 5-6

Vora v. N.Y.C. Dep't of Educ.,
    2024 U.S. Dist. LEXIS 63425 (S.D.N.Y. Jan. 24, 2024),
    *report and recommendation adopted*,
    2024 U.S. Dist. LEXIS 47446 (S.D.N.Y. Mar. 14, 2024) .........................................4

Wilkov v. Ameriprise Fin. Servs.,
    753 F. App'x 44 (2d Cir. 2018) ..................................................................................1

Williams v. New York City Police Dep't,
    930 F. Supp. 49 (S.D.N.Y. 1996) ...............................................................................2

**<u>Statutes</u>**

42 U.S.C. § 1983 ......................................................................................................................... 3

N.Y. Educ. Law § 3020 ............................................................................................................... 5

N.Y. Educ. Law § 3020-a ..................................................................................................... 1, 4, 5

N.Y. Educ. Law § 3813(1) ........................................................................................................... 4

N.Y. Educ. Law § 3813(2-b) ....................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiffs' Opposition does not raise any colorable arguments to avoid dismissal. Plaintiffs attempt to argue that their claims are not time-barred and that they "exhausted their administrative remedies to the full extent possible." These arguments are without merit. Moreover, Plaintiffs fail to lend any meaningful support to their argument that they were not given adequate process prior to their termination, or to their argument that they were entitled to hearings under Education Law § 3020-a. Plaintiffs also fail to allege that the Vaccine Mandate, as-applied to Plaintiff Baker-Pacius, violated the First Amendment Free Exercise clause. Plaintiffs, instead, reiterate baseless allegations that do not demonstrate that they were discriminated against by Defendants on the basis of their alleged religious beliefs and medical condition. Accordingly, for the reasons in Defendants' Motion to Dismiss, and as further set forth below, the Amended Complaint should be dismissed in its entirety with prejudice

## ARGUMENT

### POINT I

### ALL CLAIMS THAT HAVE BEEN ABANDONED SHOULD BE DISMISSED

In their Opposition, Plaintiffs do not oppose Defendants' argument that the stigma plus and fraud in the inducement claims must be dismissed. See Pl. Opp., *generally*. Plaintiffs also do not address or rebut Defendants' arguments that their Equal Protection Clause, Establishment Clause, and Takings Clause claims should be dismissed. See id. All of these claims, therefore, should be deemed abandoned and dismissed. See Ezagui v. City of New York, 726 F. Supp. 2d 275 (S.D.N.Y. 2010); see also Wilkov v. Ameriprise Fin. Servs., 753 F. App'x 44, 46 n.1 (2d Cir. 2018) (plaintiff's failure to oppose particular issues in opposition indicates an intention to abandon claims); Postell v. Fallsburg Library, 2022 U.S. Dist. LEXIS 66900, at *20-21 (S.D.N.Y. Apr. 8,

2022) (finding pro se plaintiff abandoned age, national origin, and perceived disability claims by failing to oppose defendant's arguments for dismissal).

## POINT II

### PLAINTIFFS' AMENDED COMPLAINT IS TIME-BARRED AND PROCEDURALLY BARRED

**A.  Plaintiffs' Claims Are Time-Barred.**

Plaintiffs argue in their Opposition that their claims are not time-barred because Defendants "refuse to reinstate" them after the Vaccine Mandate was made voluntary and the problem codes prevent them from getting jobs with the DOE or its vendors. Opp. at 14. According to Plaintiffs their "harm is continuing today" and "[t]his is a continuing wrong." See Opp. at 14. This argument fails because the continuing violation doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier [allegedly] unlawful conduct." Kemp v. Regeneron Pharms., Inc., 117 F.4th 63, 71 (2d Cir. 2024); see also Basdeo v. N.Y. City Transit Auth., 2022 U.S. Dist. LEXIS 163122, at *12 (E.D.N.Y. Sept. 9, 2022). Plaintiffs' terminations in February 2022 and the alleged "problem code" status, which was allegedly discovered in May 2022, were both continuing effects of the denial of their exemption requests in September 2021, not "continuing unlawful acts." See id. The continuing violation doctrine, thus, does not save Plaintiffs' untimely claims.

Plaintiffs' federal claims have a three-year statute of limitations. See Williams v. New York City Police Dep't, 930 F. Supp. 49, 50 (S.D.N.Y. 1996); McDonald v. City of New York, 2022 U.S. Dist. LEXIS 84310, *5 (E.D.N.Y. 2022). Plaintiff Garry's exemption request was denied on September 21, 2021, and Plaintiff Baker-Pacius' exemption request was denied on September 22, 2021. See AC ¶¶26, 38. The statute of limitations to challenge an employer's determination of a reasonable accommodation request is triggered when that employer denied the

2

request. See Blair v. L.I. Child & Family Dev. Servs., 2017 U.S. Dist. LEXIS 14177, at *38-39 (E.D.N.Y. Jan. 31, 2017). Accordingly, the three-year statute of limitations began on September 21, 2021, and September 22, 2021, respectively, and expired several months before Plaintiffs commenced this action on February 10, 2025. Based on the foregoing, the continuing violation doctrine does not apply and the Amended Complaint is time-barred under the applicable statute of limitations. The Amended Complaint should, therefore, be dismissed.

**B.      Plaintiffs Failed To Exhaust Available Administrative Remedies.**

Plaintiffs also argue in their Opposition that they "exhausted their administrative remedies to the full extent possible" because Defendants provided "very limited timelines" to appeal. Opp. at 14-15. However, Plaintiffs do not contest that they did not appeal the initial denial of their accommodation requests. See Motion to Dismiss (Dkt. No. 21) at 8. Because the Plaintiffs failed to exhaust their administrative remedies, they are barred from seeking judicial intervention and any claims with respect to the denial of their exemption requests must be dismissed in their entirety.

**C.      Plaintiffs Do Not Satisfy The Notice of Claim Requirement.**

Plaintiffs argue that their claims are not time-barred because New York's notice of claim requirements are not applicable to Section 1983 claims in federal court and the SHRL and CHRL have three year statutes of limitations. See Opp. at 22-23. Defendants do not argue that Plaintiffs' claims arising under federal law are subject to the notice of claim requirement; rather, Defendants argued in their Motion to Dismiss the Amended Complaint that Plaintiffs' *state law* claims are subject to this requirement. See MTD at 10. To the extent Plaintiffs contend that the notice of claim requirement does not apply to actions brought in federal court, that is incorrect. See Opp. at 23. "The notice of claim requirement applies to claims of discrimination against school districts under the NYCHRL and NYSHRL." See Bernheim v. New York City Dep't of Educ.,

3

2020 U.S. Dist. LEXIS 120400, *9 (S.D.N.Y. July 9, 2020). Plaintiffs have brought claims under the SHRL and CHRL against the DOE and, therefore, must comply with the notice of claim requirement. Plaintiffs' failure to do so within the three-month time limit set forth in section 3813(1) of the New York Education Law should result in the dismissal of all SHRL and CHRL claims against the DOE. See id. at *18; N.Y. Educ. Law § 3813(1).

Plaintiffs argument that the statute of limitations on their SHRL and CHRL claims is three years is palpably incorrect. Plaintiffs' SHRL and CHRL claims against the DOE are subject to a one year statute of limitations. See N.Y. Educ. Law § 3813(2-b); Vora v. New York City Dep't of Educ., 2024 U.S. Dist. LEXIS 63425, *41 (S.D.N.Y. Jan. 24, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 47446 (S.D.N.Y. Mar. 14, 2024) (finding claims against the DOE and school officers subject to a one-year statute of limitations). More than one year has passed since Plaintiffs' claims accrued and this Court cannot grant leave for Plaintiffs to file a late notice of claim to cure this defect. See Dayton v. City of Middletown, 786 F. Supp. 2d 809, 825 (S.D.N.Y. 2011); Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196-97, 197 n.3 (S.D.N.Y. 2006) (citations omitted). Accordingly, all claims brought under the SHRL and CHRL must be dismissed.

## POINT III

### PLAINTIFFS' CONSTITUTIONAL CLAIMS MUST BE DISMISSED

**A.  Plaintiffs Fail to State a Due Process Claim.**

Plaintiffs claim that because "[n]o hearing was ever held where Plaintiffs could be heard on their reasons for not getting vaccinated against COVID," they "both have been denied their procedural and substantive due process." Opp. at 7. In support of their Procedural Due Process claim, Plaintiffs argue that they "were never given *any* hearing, and never a §3020-a as required

4

by Ed. Law §3020-a." Id. at 5. This argument, however, fails because courts in this Circuit have consistently held that the Vaccine Mandate, and employment decisions made as a result of an individual's failure to comply with the Mandate, do not implicate due process. See Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021); see also N.Y.C. Mun. Labor Comm. v. City of N.Y., 73 Misc. 3d 621, 622 (Sup. Ct. NY Cnty. 2021).

Plaintiffs continue to argue that they were denied their right to due process because they were not afforded disciplinary processes provided in Education Law §§ 3020 and 3020-a. See Opp., *generally*. The Second Circuit has held that COVID-19 vaccination was a condition of employment for DOE and City employees and does not implicate disciplinary procedures. See Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *11-12 (E.D.N.Y. Sept. 25, 2023); Marciano v. De Blasio, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022); Garland v. New York City Fire Dep't, 2024 U.S. App. LEXIS 2651, *7 (2d Cir. Feb. 6, 2024). Even if Plaintiffs were entitled to such hearings, the violation of a state law does not necessarily result in a violation of the due process clause. Garland, 2024 U.S. App. LEXIS 2651, at *7-8 (citing Tooly v. Schwaller, 919 F.3d 165, 172 (2d Cir. 2019)).

Further, the lack of a Section 3020 hearing does not negate that Plaintiffs received adequate process for purposes of their federal due process claim. See Hurley v. Dep't of Educ., 2025 U.S. Dist. LEXIS 188282, *28-29 (E.D.N.Y. Sept. 23, 2025) (citing Broecker v. N.Y. City Dep't of Educ., 2023 U.S. App. LEXIS 30076, *3 (2d Cir. 2023)). Because Plaintiffs were both given adequate pre- and post- deprivation process, their due process claim must be dismissed. See Broecker, 2023 U.S. App. LEXIS 30076 at *5. Plaintiffs' substantive due process claim similarly fails because Plaintiffs cannot allege that they were completely prohibited from pursuing their chosen professions. See Vesterman v. Dep't of Educ., 2025 U.S. Dist. LEXIS 193617, *14

5

(E.D.N.Y. Sept. 30, 2025). Plaintiffs also cannot viably allege that the Vaccine Mandate was "arbitrary or conscience-shocking." Id. at *15.

**B.      Plaintiff Baker-Pacius' Free Exercise Claim Fails.**

Plaintiff Baker-Pacius argues that she is making an as-applied free exercise challenge, rather than challenging the Vaccine Mandate on its face, and that she was "terminated because of her sincere religious beliefs" in violation of the First Amendment Free exercise clause. See Opp. at 16. This argument fails because Plaintiff Baker-Pacius has not pleaded "any facts suggesting that the purpose of the Vaccine Mandate was to suppress or discriminate against religion, as opposed to its purpose being 'to protect the workers of [Defendant NYC DOE] and those interacting with them from a highly contagious and potentially fatal virus.'" Vesterman, 2025 U.S. Dist. LEXIS 193617, *9 (quoting Algarin v. NYC Health + Hosps. Corp., 678 F.Supp.3d 497, 515 (S.D.N.Y. 2023) *aff'd sub nom.* Algarin v. New York City Health & Hosps. Corp., 2024 U.S. App. LEXIS 6114 (2d Cir. Mar. 14, 2024)). Additionally, Plaintiff Baker-Pacius was not terminated because of her religious beliefs; rather, she was terminated for failing to comply with Defendants' Vaccine Mandate. Although Plaintiff Baker-Pacius alleges that Defendants discriminated against her religious beliefs, these bald assertions are insufficient to state a free exercise claim. See Bonilla v. City of New York, 2023 U.S. Dist. LEXIS 215081, *13 (S.D.N.Y. Dec. 4, 2023).

## POINT IV

### PLAINTIFFS' FAILURE TO ACCOMMODATE CLAIMS FAIL

Plaintiffs blithely argue that they pled the elements for their failure to accommodate claims but Defendants ignored their "beliefs and medical issues, denied their exemption requests, blocked their Appeals with erratic technological timelines, and declared them guilty of misconduct

6

with a permanent problem code, an adverse employment action." Opp. at 23-24. Plaintiffs also argue that there are "Absent Teacher Reserves" and "rubber rooms" in which they could have been placed as a reasonable accommodation and that "remote teaching" is offered in almost all schools. Id. at 24.

Critically missing from Plaintiffs' argument, and Amended Complaint, is any allegation that Plaintiff Baker-Pacius identified a sincerely held religious belief or Plaintiff Garry communicated a disability to Defendants. The absence of these allegations is fatal to their failure to accommodate claims. See Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006); Tafolla v. Heilig, 80 F.4th 111, 118-19 (2d Cir. 2023). Plaintiffs' identification of possible accommodations they claim could have been granted is, frankly, irrelevant because Plaintiffs do not allege that they actually requested to be granted any of them. See Hurley v. Dep't of Educ. of the City of N.Y., 2025 U.S. Dist. LEXIS 188282, *20-21 (E.D.N.Y. Sept. 23, 2025). Instead, Plaintiffs allege that they only requested exemptions from the requirement to be vaccinated against COVID-19. Plaintiffs "cannot now blame the DOE for failing to provide something [they] never requested." See Beckles v. N.Y.C. Dep't of Educ., 2025 U.S. Dist. LEXIS 149503, *6 (E.D.N.Y. Aug. 4, 2025). Moreover, "the hardship that the presence of unvaccinated employees would pose for DOE has been well-documented by courts in this circuit." Fugelsang v. Dep't of Educ. of N.Y.C., 2025 U.S. Dist. LEXIS 61440, *8 (E.D.N.Y. Mar. 31, 2025). Consequently, granting Plaintiffs' requested exemptions would have posed an undue hardship on the DOE.

## POINT V

### PLAINTIFFS' DISCRIMINATION CLAIMS FAIL

Plaintiffs argue that "Defendants have not submitted any proof of their specious, deceptive, and false claims that Plaintiffs did not establish a prima facie case of religious and

7

medical discrimination." Opp. at 12. Defendants do not need to "submit proof" that Plaintiffs fail to state prima facie discrimination claims. See id. Rather, based on the pleadings, Plaintiffs fail to state prima facie discrimination claims because they have not pled any facts suggesting or showing that their discharge was motivated by discriminatory intent. Plaintiffs have not plausibly alleged that they were terminated or tagged with a "problem code" because of Baker-Pacius's unidentified religious beliefs or because of Garry's unidentified disability. Rather, Plaintiffs were terminated for failing to comply with the Vaccine Mandate. See Hurley, 2025 U.S. Dist. LEXIS 188282 at *9 (E.D.N.Y. Sept. 23, 2025) (citing Fugelsang, 2025 U.S. Dist. LEXIS 61440 (E.D.N.Y. Mar. 31, 2025); Famiglietti v. N.Y.C. Dep't of Sanitation, 2024 U.S. Dist. LEXIS 195618 (E.D.N.Y. Oct. 28, 2024)). Because Plaintiffs have not alleged any facts showing that they were discriminated against, their discrimination claims must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Motion to Dismiss the Amended Complaint be granted in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 26, 2025

                                      **MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481

By:   /s/ *Brigid Lynn*
      Brigid Lynn
      Assistant Corporation Counsel

# **CERTIFICATION**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 2,328 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: New York, New York
November 26, 2025

                                       Respectfully submitted,

By:    /s/ *Brigid Lynn*
        Brigid Lynn
        Assistant Corporation Counsel