No. 25-cv-00743(AMD)(JAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANNE BAKER-PACIUS and CHRISTOPHER GARRY,

Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, DAVID BANKS, Chancellor and KATHERINE RODI, Director of Employee Relations,

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER JUDGMENT PURSUANT TO RULE 60(B)**

**STEVEN BANKS**

Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Second Floor
New York, N.Y. 10007


*Of Counsel:* Brigid Lynn
*Tel:* (212) 356-2481

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT................................................................................................. 1

PROCEDURAL HISTORY ................................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

    POINT I ........................................................................................................................ 3

    PLAINTIFFS FAIL TO DEMONSTRATE ANY CIRCUMSTANCES THAT WOULD

    ENTITLE THEM TO RELIEF FROM JUDGMENT ................................................. 3

        A.   Rule 60(b)(1)...................................................................................... 4

        B.   Rule 60(b)(2)...................................................................................... 9

    POINT II ......................................................................................................................11

    PLAINTIFFS' REQUEST FOR LEAVE TO AMEND A SECOND TIME IS FUTILE...........11

CONCLUSION.................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Apuzza v. NYU Langone Long Island,
2024 U.S. Dist. LEXIS 130170 (E.D.N.Y. 2024).........................................................................4

Beickert v. NY City Dept. of Educ.,
2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sep. 25, 2023)..........................................................7

BOUSA, Inc. v. United States (In re Bulk Oil (USA) Inc.),
2007 U.S. Dist. LEXIS 27346 (S.D.N.Y. 2007)........................................................................5

Broecker v. N.Y.C. Dep't of Educ.,
585 F. Supp. 3d 299 (E.D.N.Y. 2022) ......................................................................................8

Broecker v. NY City Dept. of Educ.,
2023 U.S. Dist. LEXIS 55541 (E.D.N.Y. Mar. 30, 2023)...........................................................6

Bronson v. New York,
2010 U.S. Dist. LEXIS 36147 (E.D.N.Y. 2010)......................................................................12

Elizabeth Parrino v. The Department of Education of the City of New York,
Case No. 24-cv-08892 ..........................................................................................................3, 4

Flowers v. Conn. Light & Power Co.,
2021 U.S. App. LEXIS 35105 (2d Cir. 2021) .........................................................................12

Garland v. N.Y.C. Fire Dep't,
574 F. Supp. 3d 120 (E.D.N.Y. 2021) ......................................................................................8

Gonzalez v. City of N.Y.,
2024 U.S. Dist. LEXIS 56814 (E.D.N.Y. 2024).......................................................................8

Groff v. DeJoy,
600 U.S. 447 (2023)..................................................................................................................7

Hurley v. Dept. of Educ. of the City of NY,
2025 U.S. Dist. LEXIS 188282 (E.D.N.Y. Sep. 23, 2025).........................................................7

Jeanty v. City of Utica,
2024 U.S. App. LEXIS 25275 (2d Cir. 2024) .....................................................................9, 11

Kane v. De Blasio,
19 F.4th 152 (2d Cir. 2021) ..............................................................................................6, 11

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022)................................................................................8

Kotlicky v. United States Fidelity & Guar. Co.,
    817 F.2d 6 (2d Cir. 1987)...................................................................................................2

Kumaran v. Nat'l Futures Ass'n,
    2025 U.S. Dist. LEXIS 141225 (S.D.N.Y. July 23, 2025) ................................................5

Masciarelli v. New York City Department of Education,
    24-cv-7553 .......................................................................................................................10

Nemaizer v. Baker,
    793 F.2d 58 (2d Cir. 1986).................................................................................................2

Matter of O'Reilly v. Board of Education et al.,
    213 A.D.3d 560 (1st Dep't 2023) ......................................................................................6

Paddington Partners v. Bouchard,
    34 F.3d 1132 (2d Cir. 1994)..............................................................................................2

Palladino v. JPMorgan Chase & Co.,
    807 F. Supp. 3d 163 (E.D.N.Y. 2025) ...............................................................................3

Parrino v. Dep't of Educ.,
    24-cv-8892, April 9, 2026 Order .......................................................................................4

Romain v. Capital One, N.A.,
    2014 U.S. Dist. LEXIS 152399 (E.D.N.Y. 2014)..............................................................3

Ruotolo v. City of New York,
    514 F.3d 184 (2d Cir. 2008)..............................................................................................2

SEC v. Curran,
    2024 U.S. Dist. LEXIS 124280 (E.D.N.Y. 2024)..............................................................4

Shakur Jahad v. Holder,
    2023 U.S. Dist. LEXIS 215553 (S.D.N.Y. 2023).............................................................11

Shrader v. CSX Transp., Inc.,
    70 F.3d 255 (2d Cir. 1995)................................................................................................9

Tatintsian v. Vorotyntsev,
    2026 U.S. Dist. LEXIS 66179 (S.D.N.Y. Mar. 27, 2026) .................................................5

Valle v. Police Dep't Suffolk Cent. Records,
    2010 U.S. Dist. LEXIS 107315, 2010 WL 3958432 (E.D.N.Y. 2010) ..............................8

Van Buskirk v. United Grp. of Cos.,
   935 F.3d 49 (2d Cir. 2019)................................................................................................2

Williams v. Citigroup Inc.,
   659 F.3d 208 (2d Cir. 2011)..........................................................................................11

**Statutes**

N.Y. Education Law § 3020 ...............................................................................................1

N.Y. Education Law § 3020-a ...........................................................................................7

N.Y. Education Law § 3020-a(2)(a) ..................................................................................7

N.Y. Education Law § 3020 and § 3020-a.........................................................................7

FRCP 60(b) ................................................................................................................2, 3, 4

FRCP 60(b)(1) ...................................................................................................................4

FRCP 60(b)(2) ...............................................................................................................9, 10

**PRELIMINARY STATEMENT**

Plaintiffs Diane Baker-Pacius and Christopher Garry move, pursuant to Federal Rule of Civil Procedure 60(b), to vacate this Court's Memorandum Decision and Order ("Decision") dated March 13, 2026, that dismissed Plaintiffs' Amended Complaint with prejudice. Plaintiffs also request leave to file a Second Amended Complaint.

Plaintiffs do not identify any mistake, surprise, neglect, newly discovered evidence, misrepresentation, or fraud that would warrant relief under Rule 60(b). Plaintiffs claim that the Decision contained "multiple errors of law and outrageous mistakes," and their baseless accusation that the Court did not read Plaintiffs' papers filed in opposition to Defendants' Motion to Dismiss the Amended Complaint also do not serve as bases to be granted relief. Similarly, Plaintiffs' reiteration of arguments from their Opposition to Defendants' Motion to Dismiss and attempt to relitigate issues that were already decided by the Court do not entitle them to relief under Rule 60(b). Further, Plaintiffs' request to be granted leave to amend a second time should be denied as futile. Accordingly, for the reasons set forth more fully below, Plaintiffs' motion should be denied.

**PROCEDURAL HISTORY**

On February 10, 2025, Plaintiffs filed the instant action against the New York City Department of Education ("DOE"). See ECF Doc. No. 1. The Complaint included causes of action for religious discrimination, First Amendment free speech and religion, ADA/Rehabilitation Act, failure to accommodate, Fourteenth Amendment equal protection, and fraud in the inducement/denial of due process under Education Law § 3020, all stemming from Plaintiffs' refusal to comply with the COVID-19 Vaccine Mandate applicable to DOE employees. On April 23, 2025, Plaintiffs filed an Amended Complaint, adding as defendants Melissa Aviles-Ramos ("Aviles-Ramos"), and Katherine Rodi ("Rodi") (collectively with DOE and Aviles-Ramos as

1

"Defendants"), and adding several allegations in support of their claims. Plaintiffs also added a cause of action under the Fifth Amendment Takings Clause. See generally ECF Doc. No. 7.

On July 21, 2025, Defendants moved to dismiss the Amended Complaint in its entirety ("Motion to Dismiss"). See ECF Doc. Nos. 19-21. Plaintiffs filed their opposition on October 20, 2025 ("Pls' MTD Opp."), and Defendants filed their reply on November 26, 2025. See ECF Doc. Nos. 34, 36. On March 12, 2026, the Court entered its Decision, granting Defendants' Motion to Dismiss and dismissing the Amended Complaint in its entirety, with prejudice. See ECF Doc. No. 37.

On April 13, 2026, Plaintiffs filed their "Motion to Reconsider Judgment Pursuant to Rule 60B" ("Motion for Reconsideration" or "Pls' Mot."). See ECF Doc. No. 39. Plaintiffs resubmitted their Motion on April 14, 2026, with a corrected caption. See ECF Doc. No. 41. Defendants now oppose.

**STANDARD OF REVIEW**

A motion for reconsideration under Rule 60(b) allows a party to seek relief from a judgment, "strik[ing] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987). It is "extraordinary judicial relief" that is granted "only upon a showing of exceptional circumstances." Nemaizer, 793 F.2d at 61; see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008); Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)). The standard for granting reconsideration is strict and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Grp. of Cos., 935 F.3d 49, 54 (2d Cir. 2019) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Reconsideration is not a proper

2

tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion." Romain v. Capital One, N.A., 2014 U.S. Dist. LEXIS 152399, at *3 (E.D.N.Y. 2014); see also Palladino v. JPMorgan Chase & Co., 807 F. Supp. 3d 163, 171 (E.D.N.Y. 2025) ("Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already carefully analyzed and justifiably disposed.") (internal quotations and citation omitted).

## ARGUMENT

### POINT I

### PLAINTIFFS FAIL TO DEMONSTRATE ANY CIRCUMSTANCES THAT WOULD ENTITLE THEM TO RELIEF FROM JUDGMENT

Plaintiffs initially claim that the Court did not read their MTD Opp because the Court "incorrectly reviewed the filing history of this case" and did not consider Exhibits 14-20. Pls' Mot. at 2-3. The Decision reflects that the Court was fully aware of the "filing history" and the numerous exhibits attached to Pls' MTD Opp. Although Plaintiffs clearly disagree with and do not like the Court's well-reasoned Decision, that does not justify the extraordinary relief they request. See Apuzza v. NYU Langone Long Island, 2024 U.S. Dist. LEXIS 130170, at *7 (E.D.N.Y. 2024).

Plaintiffs also incredulously argue that they are entitled to relief because the Decision is a "shocking replication . . . almost word-for-word," of the Memorandum and Order in Elizabeth Parrino v. The Department of Education of the City of New York, Case No. 24-cv-08892, in which this Court dismissed plaintiff Parrino's Complaint. A plain reading of the Court's decisions dispel this specious argument and further indicate that the Court carefully and dutifully considered and addressed Plaintiffs' arguments when deciding Defendants' Motion to Dismiss.

3

Plaintiffs further argue that "[t]his case and Parrino's case have similar facts and procedural and substantive circumstances," so this case should also be reopened "to validate the six circumstances [Judge Donnelly] listed for re-opening the Parrino case." Pls' Mot. at 4-5. However, Parrino's case was not reopened due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, (3) fraud, (4) the judgment was void, (5) the judgment had been satisfied, released, or discharged; or (6) any other reason that justified relief. In fact, the Court specifically found that Parrino did "not identify any legal or factual issue that the Court overlooked that would have altered its decision, or any extraordinary circumstances that could justify relief from the order." Parrino v. Dep't of Educ., 24-cv-8892, April 9, 2026 Order granting in part and denying in part Rule 60(b) motion. Notwithstanding, the Court granted Parrino leave to amend because she "has not had the opportunity to amend her complaint." Id. In contrast, Plaintiffs have had an opportunity to amend their complaint and still cannot state any claims upon which relief can be granted. See ECF Doc. No. 7. Parrino does not support granting Plaintiffs' Motion and, as set forth more fully in Point II, allowing Plaintiffs to amend a second time should be denied because amendment would be futile.

### A. Rule 60(b)(1)

FRCP Rule 60(b)(1) permits relief from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1); see also SEC v. Curran, 2024 U.S. Dist. LEXIS 124280, at *4-5 (E.D.N.Y. 2024). This can include a mistake in law brought to light by new authority. Id. However, "[d]issatisfaction with a judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1)." Apuzza v. NYU Langone Long Island, 2024 U.S. Dist. LEXIS 130170, at *7 (E.D.N.Y. 2024) (quoting Hamilton v. Lee, 188 F. Supp. 3d 221, 238 (E.D.N.Y. 2016)). Indeed, Rule 60(b)(1) does not "provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed."

BOUSA, Inc. v. United States (In re Bulk Oil (USA) Inc.), 2007 U.S. Dist. LEXIS 27346, at *30 (S.D.N.Y. 2007) (internal quotations omitted). Plaintiffs largely attempt to do just that, and in doing so, fail to identify any mistakes of law or controlling decisions that the Court overlooked in reaching its decision.

Plaintiffs scurrilously claim that "Judge Donnelly favors the City Law Department representing the Defendants." Pls' Mot. at 15. This accusation seems to be based on nothing more than Plaintiffs' own disagreement with the Decision. However, "it is well-settled that a judge's adverse rulings and decisions . . . almost never are a valid basis for a party to seek disqualification based on bias or impartiality." Kumaran v. Nat'l Futures Ass'n, 2025 U.S. Dist. LEXIS 141225, at *5 (S.D.N.Y. July 23, 2025) (internal quotations and citation omitted). To obtain recusal on this basis, the judge must rely upon "knowledge acquired outside" of the proceedings or display "deep-seated and unequivocal antagonism that would render fair judgment impossible." Tatintsian v. Vorotyntsev, 2026 U.S. Dist. LEXIS 66179, at *4 (S.D.N.Y. Mar. 27, 2026) (internal quotations and citation omitted). Plaintiffs do not meaningfully argue or present any evidence of either.

Plaintiffs' argument that the Court "deliberately nullified Plaintiffs' claims to an *as-applied* challenge" ignores the fact that the Court explicitly addressed Plaintiffs' as-applied challenge. The Court determined: "Nor would an as-applied challenge survive, because Baker-Pacius has not made 'more-than conclusory allegation[s] that the finding of undue hardship was erroneous or pretextual.'" Decision at 11. The Court did not "deliberately misconstrue Plaintiffs' claim to make into a facial challenge to the CVM" as Plaintiffs argue. Pls' Mot. at 11. Plaintiffs' "as-applied" challenge was clearly addressed and dismissed accordingly.

Plaintiffs also argue that the Decision "was clearly improper" when it stated that "Baker-Pacius was not seeking an accommodation. She was seeking a blanket exemption from the

vaccination requirement." See Pls' Mot. at 13. According to Plaintiffs, "the Court of Appeals, Katherine Rodi's testimony, and Exhibit R" all support that Plaintiffs were "applying for medical and religious accommodations, not just an exemptions." Id. at 17. The distinction Plaintiffs attempt to draw is irrelevant because Plaintiffs unequivocally and undeniably requested to be totally exempted from the COVID-19 vaccine requirement. Indeed, Plaintiff Baker-Pacius explicitly stated that she was "writing this letter to respectfully request a religious exemption for vaccination within the New York City Department of Education." See ECF Doc. No. 8, Pls' Exh. 2b (emphasis added). The Court was clearly and obviously correct in stating that Plaintiff only requested a religious exemption to the COVID-19 vaccine requirement.

Plaintiffs' contention that placement on Leave Without Pay ("LWOP") was invalid as a matter of law because "Scheinman's Appeal Process was thrown out as unconstitutional" is similarly unavailing. See Pls' Mot. at 14. While the Second Circuit in Kane v. De Blasio, 19 F.4th 152, 176-177 (2d Cir. 2021), ordered that plaintiffs were entitled to "fresh consideration of their requests for a religious accommodation by a central citywide panel," it did not state that placement on LWOP was unconstitutional. The Arbitration Agreement established the process by which DOE employees could apply for an accommodation to the Vaccine Mandate and, critically, the steps DOE could take to separate those employees who failed to comply with the Vaccine Mandate. See Mot. to Dismiss at 3.  As third-party beneficiaries, Plaintiffs do not have standing to challenge the Arbitration Agreement. See Broecker v. NY City Dept. of Educ., 2023 U.S. Dist. LEXIS 55541, at *8-9 (E.D.N.Y. Mar. 30, 2023); Matter of O'Reilly v. Board of Education et al., 213 A.D.3d 560, 565 (1st Dep't 2023). Accordingly, any claims challenging Plaintiffs' placement on LWOP and termination, both of which were processes provided for in the Arbitration Agreement, were properly dismissed.

Plaintiffs also argue that the "Order made a reversible error in agreeing with the Defendant in denying Plaintiff's request for a religious exemption/accommodation on the basis of 'undue hardship' without any particulars required by a recent decision in Groff v DeJoy." See Pls' Mot. at 18. Under Groff, undue hardship looks at the effect of the requested accommodation on the "conduct of the employer's business." Groff v. DeJoy, 600 U.S. 447, 472 (2023). Contrary to Plaintiffs' argument, the Court employed the Groff standard in evaluating whether Plaintiffs' request for a religious exemption posed an undue hardship, as evidenced by its citations to Hurley v. Dept. of Educ. of the City of NY, 2025 U.S. Dist. LEXIS 188282, at *17-21 (E.D.N.Y. Sep. 23, 2025), and Beickert v. NY City Dept. of Educ., 2023 U.S. Dist. LEXIS 170719, at *14-15 (E.D.N.Y. Sep. 25, 2023). Both applied the definition of undue hardship set forth in Groff. See Decision at 14-15. The Court's citation and reliance on these decisions also undermines Plaintiffs' related argument that the Court erred in only holding Defendants to a "more than a minimal hardship" standard. Pls' Mot. at 19.

Plaintiffs also claim the Court "ignore[d] the fact that Education Law § 3020, § 3020-a(2)(a) and the procedures stated in Sections 1 and 2 are Constitutional, public policy in New York State, and cannot be waived or bargained away." See Pls' Mot. at 20-21. Rather than ignoring Plaintiffs' Education Law § 3020 and § 3020-a claims, the Court correctly noted that "[t]he COVID-19 vaccine mandate was 'a lawful condition of employment'" and once Plaintiffs "refused to get the vaccine, she was no longer qualified for her position." See Decision at 9 (citing Broecker, 585 F. Supp. 3d at 316). Therefore, the Court properly found that Education Law § 3020-a is inapplicable because employment actions taken against a public employee for failure to satisfy a lawful qualification of employment is unrelated to job performance, misconduct, or competency

and, therefore, does not implicate applicable statutory or disciplinary procedures. See Broecker, 585 F. Supp. 3d at 314; see also Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022).

Plaintiffs also argue that this case should be reopened based on Court's finding in Murphy v. New York City. Police Dep't, et al.. Pls' Mot. at 5. In Murphy, the court found that the plaintiff's claim that he was terminated because he "did not take the COVID-19 vaccine due to conflicting sincerely held religious belief" saatisfied the final element of a failure to accommodate claim under Title VII. Id. (quoting Murphy, 2025 U.S. Dist. LEXIS 252071, *8 (S.D.N.Y. Dec. 5, 2025)). The court's decision in Murphy does not change the outcome of this case. Plaintiffs claim that Defendants "make the argument that the terms and conditions of employment for both Plaintiffs were changed, and then both Plaintiffs failed to meet the new criteria, so both had to be punished for misconduct . . . for not complying with (1) giving up her sincere religious beliefs (Baker-Pacius); (2) harming or killing himself by getting vaccinated with the COVID vaccine (Garry)." Id. at 5-6. Every court that has encountered this issue has held that the Vaccine Mandate was a lawful condition of employment for City employees. See Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022); Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. 2024); Garland v. N.Y.C. Fire Dep't, 574 F. Supp. 3d 120 (E.D.N.Y. 2021). Plaintiffs were terminated when they failed to satisfy this condition of employment; they were not terminated because of their religious beliefs or any medical conditions, as they suggest. Further, Defendants do not make the argument that Plaintiffs were not disciplined for purposes of their failure to accommodate claims.  Rather, Defendants argued, and this Court held, that it would be an undue hardship to accommodate Baker-Pacius, and that Garry failed to allege a disability defined by the ADA. See Decision at 15-16.

8

Plaintiffs' disagreement with the Court's conclusion is merely an attempt to relitigate issues that have already been decided. That is not a basis to be granted reconsideration. See Shrader, 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

**B. Rule 60(b)(2)**

"Rule 60(b)(2) authorizes a court to relieve parties from a final judgment in the face of 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial.'" Jeanty v. City of Utica, 2024 U.S. App. LEXIS 25275, at *4 (2d Cir. 2024) (quoting Fed. R. Civ. P. 60(b)(2)). "To prevail on a motion under Rule 60(b)(2), the movant must establish that: (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant [was] justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not merely cumulative or impeaching." Id.

Plaintiffs argue that they "were sent unredacted emails from 2021 . . . involving various members of the NY City government, DOH, and Steven Banks" which "show that the focus of this group was to help arbitrators deny the appeals made to them by unvaccinated employees of the City of New York who refused the COVID vaccine due to their beliefs against the use of fetal cells, and/or their Pope or religious leader opposed abortion." Pls' Mot. at 7-8. Plaintiffs argue this email demonstrates that the "City was not neutrally evaluating accommodation requests, but was instead developing advocacy material to defeat Plaintiffs here and similarly situated in other cases." Id. at 9. This email is irrelevant to Plaintiffs' claims. Plaintiffs do not allege that they submitted an appeal through the UFT arbitration process/Scheinman Arbitration and Mediation Services ("SAMS"). Further, neither Plaintiff claims that they requested exemptions to the Vaccine Mandate due to objections based on the use of fetal cells or animal products in the

9

research, development or formulation of the vaccines, as mentioned in the email. Id. at 8. This email has no impact on the outcome of Plaintiffs' case, and dismissal of a Second Amended Complaint would still be warranted.

Additionally, the deposition testimony of Kathy Rodi taken in Masciarelli v. New York City Department of Education, 24-cv-7553, is not "recently released information" as Plaintiffs suggest. Pls' Mot. at 14. Plaintiffs relied on this deposition testimony in their Opposition to Defendants' Motion to Dismiss. See Pls' MTD Opp. at 7. Even assuming it could qualify as new evidence, Plaintiffs cherry pick Rodi's testimony and take it out of context. Rodi testified that requests for religious exemption were not automatically denied, religion was not a consideration in denying exemption requests, and that the basis for undue hardship was the risk to the vulnerable and still primarily unvaccinated student population and other employees. See Depo. Tr. of Katherine G. Rodi ("Rodi Dep. Tr."), annexed to the Declaration of Brigid Lynn, dated May 11, 2026 ("Lynn Aff.") as Exh. A, at 31:23 - 32:4; 22:16-24:23. This is the reason provided for the denial of Baker-Pacius' exemption request. See Pls' Exh. 2 (ECF Doc. No. 8) ("[U]nvaccinated employees cannot work in a Department of Education (DOE) building or other site with contact with DOE students, employees, or families without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.).

In support of their argument under Rule 60(b)(2), Plaintiffs also argue that they have "the same claims concerning a lack of due process" as one of the plaintiffs in Coombs-Moreno et al. v. City of N.Y., whose claims survived a motion to dismiss. See Pls' Mot. at 21-22; see also Coombs-Moreno, 2024 U.S. Dist. LEXIS 173750, at *19 (E.D.N.Y. 2024). First, the decision in Coombs-Moreno does not support Plaintiffs' motion under Rule 60(b)(2) because it is

10

not "newly discovered evidence." See Jeanty, 2024 U.S. App. LEXIS 25275, at *4. Second, Coombs-Moreno is neither controlling nor instructive because the court stated it could not determine the issue of undue hardship "from within the four corners of the complaint." 2024 U.S. Dist. LEXIS 173750, at *19. However, this Court determined in evaluating Plaintiffs' Amended Complaint, that granting Plaintiff Baker-Pacius an exemption to the Vaccine Mandate would have been an undue burden on the DOE and its operations. See Decision at 14-15. That conclusion is amply supported by the cases the Court cited.

## POINT II

### PLAINTIFFS' REQUEST FOR LEAVE TO AMEND A SECOND TIME IS FUTILE

Where, as is the case here, a party seeks leave to file an amended complaint after judgment is entered, the Court may deny leave if the proposed amendments remain insufficient to remedy the deficiencies in her claims. See Williams v. Citigroup Inc., 659 F.3d 208, 214 (2d Cir. 2011). "[L]eave to amend is properly denied where all indications are that the pro se plaintiff will be unable to state a valid claim." Shakur Jahad v. Holder, 2023 U.S. Dist. LEXIS 215553, at *27 (S.D.N.Y. 2023) (citing Valle v. Police Dep't Suffolk Cent. Records, 2010 U.S. Dist. LEXIS 107315, 2010 WL 3958432, at *2 (E.D.N.Y. 2010)).

Plaintiffs argue that they "should be granted their Second Amended Complaint to enlarge their causes of action on religious and medical discrimination and Defendants' failure to accommodate." Pls' Mot. at 7. Plaintiffs specifically "propose a Second Amended Complaint that exposes a two-track system that was clearly unconstitutional," arguing that "Defendants established one track for employees whose beliefs qualified under arbitration standards (the same ones found unconstitutional in Kane), and a separate "Citywide Panel" track for others." Pls' Mot. at 7. This does not remedy the deficiencies in Plaintiffs' Amended Complaint. Neither Plaintiff

11

appealed the DOE's denial of their exemption requests, so any new allegations regarding appeals to the Citywide Panel or to SAMS are entirely irrelevant and have no bearing on Plaintiffs' claims.

Plaintiffs also claim that they "could use the many other specific facts currently available showing animus and double standards, such as City officials sending out guidance encouraging categorical denial of accommodations for Catholics, Jews, Buddhists, and others based on the content of their beliefs." Pls' Mot. at 10. This, also, would not remedy the deficiencies in Plaintiffs' Amended Complaint. Plaintiffs do not allege that their exemption requests were denied "based on the content of their beliefs." See id. Rather, the evidence submitted by Plaintiffs with their Amended Complaint clearly demonstrates that Baker-Pacius' request was denied because granting her exemption request would be an undue burden on DOE.

Courts have denied leave to amend in cases challenging vaccine mandates where there is "no indication as to how Plaintiff might cure the pleading deficiencies given the lack of facts, and legal support to maintain the claims." Algarin v. NYC Health + Hosps. Corp., 678 F. Supp. 3d 497, 518 (S.D.N.Y. 2023). Plaintiffs did not seek to amend their complaint a second time in response to Defendants Motion to Dismiss with prejudice. See id. Plaintiffs' arguments in opposition to Defendants' Motion to Dismiss were duly considered and wholly rejected by the Court. As such, leave to amend the Complaint a second time would be futile and waste precious judicial resources. See Flowers v. Conn. Light & Power Co., 2021 U.S. App. LEXIS 35105, at *5 (2d Cir. 2021) ("Leave to amend may be deemed futile where the proposed amendments would fail to cure prior deficiencies or to state a claim") (internal quotations omitted); see also Bronson v. New York, 2010 U.S. Dist. LEXIS 36147, at *6 (E.D.N.Y. 2010) (denying leave to amend where the complaint is so "fatally deficient" that allowing Plaintiff to amend would result in a waste of judicial resources).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny

Plaintiffs' Motion to Reconsider Judgment and their request for leave to amend their Amended

Complaint in its entirety and that Defendants be granted costs, fees, and expenses together with

such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 11, 2026

                              **STEVEN BANKS**
                              Corporation Counsel of the
                                  City of New York
                              *Attorney for Defendants*
                              100 Church Street, Second Floor
                              New York, New York 10007
                              (212) 356-2481
                              blynn@law.nyc.gov


                        By: /s/ Brigid Lynn
                              Brigid Lynn
                              Assistant Corporation Counsel

13

## CERTIFICATION

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 3,881 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:          New York, New York
               May 11, 2026

                              Respectfully submitted,

                    By:    /s/ Brigid Lynn
                           Brigid Lynn
                           Assistant Corporation Counsel