UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

                        :

**DIANNE BAKER-PACIUS** and
**CHRISTOPHER J. GARRY**,

                        :   **MEMORANDUM DECISION AND**

              Plaintiffs,   **ORDER**

                        :

        – against –        :   25-CV-743 (AMD) (JAM)

                        :

**THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, MELISSA
AVILES-RAMOS**, Chancellor, and **KATHERINE
RODI**, Director of Employee Relations,

                        :

           Defendants.

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiffs brought this case against the New York City Department of Education ("DOE"), the DOE Chancellor, and the DOE Director of Employee Relations for violations of the United States Constitution, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*., New York State Education Law §§ 3020, 3020-a, New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq*. ("NYSHRL"), New York City Human Rights Law, N.Y.C. Administrative Code § 8-107, *et seq*. ("NYCHRL"), and the New York state constitution.  The plaintiffs' claims arose out of the DOE's vaccine mandate, which required DOE employees to be vaccinated against COVID-19.  On March 12, 2026, the Court granted the defendants' motions to dismiss the plaintiff's federal claims, declined to exercise jurisdiction over the plaintiffs' remaining state and city law claims, and dismissed the complaint.  (ECF No. 37.)  Before the Court is the plaintiffs' motion for reconsideration pursuant to Rule 60(b).  (ECF No. 39.)[1]  The

---

[1] The plaintiffs filed an amended motion on April 14, 2026 to correct the case caption.  (ECF No. 41.)

plaintiffs seek vacatur of the judgment and leave to file a second amended complaint. (*Id.*; *see also* ECF No. 45.)  The defendants oppose the motion.  (ECF No. 44.)  As explained below, the motion is granted in part and denied in part.

## LEGAL STANDARD

Rule 60(b) allows the Court to relieve a party from an order in the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Rule 60(b) is 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Sec. & Exch. Comm'n v. Cohen*, 671 F. Supp. 3d 319, 322 (E.D.N.Y. 2023) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).  "The burden of proof is on the party seeking relief from judgment," and the "decision whether to grant a Rule 60(b) motion is committed to the sound discretion of the district court." *Id.* (citations omitted).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013).  "Although a *pro se* motion is read liberally and interpreted to raise the strongest arguments suggested, a *pro se* litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Rowe v. Cenlar FSB*, No. 19-CV-7278, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022) (quotations and citations omitted), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023).

**DISCUSSION**

I.      **Dismissal of Claims**

     a.  **The Court Considered the Plaintiffs' Allegations and Exhibits**

The plaintiffs devote a considerable portion of their motion to arguing that the Court did not consider their allegations, exhibits, or arguments.  For example, the plaintiffs maintain that the Court "copied and pasted" its order in *Parrino v. Dep't of Educ. of City of New York*, No. 24-CV-8892, 2026 WL 407507 (E.D.N.Y. Feb. 13, 2026) (ECF No. 41 at 1.)  To the extent the Court's analysis of Baker-Pacius's religious discrimination claims is similar to the analysis in *Parrino*, it is because the plaintiffs' complaint in this case is almost identical to Parrino's complaint.  In any event, the Court considered the facts that these plaintiffs alleged in their complaint.  The Court also analyzed the unique legal issues in this case.  For example, one of the plaintiffs in this case requested a medical accommodation, which was not an issue in *Parrino.*  Accordingly, the Court considered whether that plaintiff sufficiently stated a claim for disability discrimination under the Rehabilitation Act or the ADA, and found that he did not.  (ECF No. 37 at 12–13; 15–16.)  Unlike *Parrino*, the plaintiffs in this case also brought a Takings Clause claim; the Court determined that the complaint did not state a Takings Clause claim.  (ECF No. 37 at 21.)

     b.  **The Plaintiffs Do Not Cite New Law**

The plaintiffs have not cited any new law requiring a different result.  Rather, they simply repeat the arguments that they made in opposing the defendants' motion to dismiss.  For example, the plaintiffs renew their claim that they had a right to a 3020-a hearing.  (*See* ECF No. 41 at 22.)  They did not.  Being vaccinated against COVID was a lawful condition of their employment; the plaintiffs were terminated because they did not comply with this requirement.  (ECF No. 37 at 16–17.)  In any event, a Rule 60 motion is not a vehicle to "relitigate issues

already decided." *Maldonado*, 490 F. App'x at 406.  The plaintiffs also use different cases for the same propositions (*see, e.g.*, ECF No. 41 at 7, 17–19), but none of them constitute new law, because they were decided before the Court issued its decision.  Nor do the newly cited cases change the Court's conclusion.

### c.  There Is New Evidence to Support the Plaintiffs' Failure-to-Accommodate and First Amendment Claims

In support of their arguments for reconsideration, the plaintiffs attach a September 2021 email thread in which City officials discussed vaccine exemption requests and the City's response.[2]  (*See* ECF No. 41 at 31–39.)  The plaintiffs cite the following message from the First Deputy Commissioner and General Counsel of the NYC Office of Labor Relations:

> Many of the religious claims cite that fetal tissue and/or certain animal products were used in the research, development, and/or actual formula for the COVID vaccines. . . . It would be very very helpful if we could get a document signed off on by a City Doctor that essentially makes the argument as to why this is BS. . . . . I'm looking for basically a point by point analysis of why the potential claims that taking this would violate the rights of someone who religiously opposes abortion and/or consumption of certain animals is not consistent with the science of the virus.[3]

(*See id*. at 38–39.)  According to the plaintiffs, the email demonstrates a "predetermined anti-exemption approach," and that "the people in these emails are directly attacking medical and religious beliefs in order to deny accommodations and declare 'undue burden,'" and trying to "create a foolproof way to deny religious exemptions/accommodations."  (ECF No. 41 at 11.) (*Id.*)  The plaintiffs plausibly argue that the City was "not neutrally evaluating accommodation requests, but was instead developing advocacy material to defeat Plaintiffs here." (*Id.*)

---

[2] The plaintiffs received the emails shortly before they filed this motion. (*See* ECF No. 41 at 4.)

[3] The email does not say, as the plaintiffs claim, that "religious claims were BS."

The new evidence supports the plaintiffs' failure to accommodate and as-applied First Amendment challenges. "Individuals challenging the constitutionality of a law enforced by the government may either bring a facial challenge or an as-applied challenge. A facial challenge to a rule, regulation, or statute considers only the content of the challenged law itself, not its application to the particular circumstances of an individual. In contrast, an as-applied challenge requires analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Lynch v. Dep't of Educ. of New York*, No. 24-CV-07795, 2026 WL 607650, at *9 (E.D.N.Y. Mar. 4, 2026) (quotations and citations omitted).

The Court dismissed the plaintiff's Free Exercise claims because they were conclusory. (ECF No. 37 at 11.) However, the emails are new evidence that provide factual support for the plaintiffs' contention that the government demonstrated "'hostility, animosity, distrust, [or] a negative normative evaluation' of religious beliefs" in violation of the First Amendment. *Carbone v. City of New York*, No. 25-CV-2368, 2025 WL 3206658, at *4 (S.D.N.Y. Nov. 17, 2025). This new evidence makes plausible the plaintiffs' failure-to-accommodate claim and as-applied Free Exercise and Establishment Clause claims. As explained below, however, the claims are time-barred.[4]

### d.  The Plaintiffs' Claims Are Time-Barred

In New York, the statute of limitations applicable to federal claims against governmental bodies is three years. *Williams v. New York City Police Dep't*, 930 F. Supp. 49, 51 (S.D.N.Y. 1996). "The three year statute of limitations is computed from the date when the claim accrued

---

[4] The Court did not address the statute of limitations issue because it dismissed the claims on other grounds. (ECF No. 34 at 22 n.9.)

to the date when the action is commenced in federal court by the filing of a complaint." *Id.* The plaintiffs' claims "accrued on the date when their exemption requests were denied" and "does not give rise to a continuing violation." *Matyas v. Dep't of Educ. of New York*, No. 25-CV-1861, 2026 WL 1194714, at \*6 (E.D.N.Y. May 1, 2026). Baker-Pacius's exemption request was denied on September 22, 2021. (ECF No. 7 ¶ 26.) Garry's exemption request was denied on September 21, 2021. (ECF No. 7 ¶ 38.) The plaintiffs did not bring this action until February 10, 2025, more than three years after their requests were denied. (*See* ECF No. 7.) Nor have they pled any facts that would support tolling the statute of limitations. Accordingly, the Court declines to vacate its dismissal of the plaintiffs' claims.

## II.      Leave to Amend

The plaintiffs seek leave to amend their complaint. "When vacatur is sought in order to obtain leave to file an amended complaint, special considerations come into play." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023). Federal Rule of Civil Procedure 15 generally provides that "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2)). However, when "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Mandala*, 88 F.4th at 361 (citation omitted). "So, on a post-judgment motion for vacatur and leave to amend, 'due regard' must be given to *both* the 'philosophy favoring finality of judgments and the expeditious termination of litigation,' and the 'liberal amendment policy of Rule 15(a).'" *Id.* (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011)). "In the post-judgment context, we have . . . given due regard to the liberal spirit of Rule 15 by ensuring plaintiffs at least one opportunity to replead." *Id.* (citation modified).

The plaintiffs argue that they should be given an opportunity to amend their complaint because the plaintiff in a similar case, *Parrino v. Dep't of Educ.*, No. 24-CV-8892 (E.D.N.Y.), was given this opportunity.  Parrino had never amended her complaint; the plaintiffs here amended their complaint once.

However, the plaintiffs amended their complaint once as of right before the defendants answered or otherwise responded to the initial complaint.  (See ECF No. 7.)  Because there was no pre-motion conference before the defendants filed their motion, the plaintiffs were not "on notice" that their allegations were insufficient.  *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 363 (2d Cir. 2023).  "[I]t is improper to simultaneously dismiss a complaint with prejudice under Rule 12(b)(6) and deny leave to amend when the district court has not adequately informed the plaintiffs of its view of the complaint's deficiencies."  *Id.*; *see also 421-A Tenants Ass'n, Inc. v. 125 Ct. St. LLC*, 760 F. App'x 44, 50–51 (2d Cir. 2019) ("[I]t is often improper to deny leave to amend" when the "plaintiff lacks 'the benefit of a ruling' from the court."  (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015))).

Because the plaintiffs are representing themselves, and in an abundance of caution, the Court permits the plaintiffs to file a second amended complaint. *See, e.g.*, *Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009); *see also Firuz v. ADT Inc.*, No. 24-CV-5646, 2025 WL 2256555 (E.D.N.Y. Aug. 6, 2025).  The plaintiffs are encouraged to contact the City Bar Justice Center for legal assistance.  The City Bar Justice Center provides free, confidential, limited-scope legal service to *pro se* litigants.  More information about the City Bar Justice Center is available at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ or 212-382-4729.

## CONCLUSION

For these reasons, the plaintiffs' Rule 60(b) motion is granted in part and denied in part.

The plaintiffs are directed to file a second amended complaint within 30 days of this Order.

**SO ORDERED.**

     s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      June 18, 2026