*** Filed ***
11:47 PM, 14 Oct, 2026
U.S.D.C., Eastern District of New York

Dianne Baker-Pacius
55 West 116th Street STE 396
New York, NY 10026
646-369-6792
DBCB.CG.2025@gmail.com

Christopher J. Garry
75-27 217 Street
Oakland Gardens, NY 11364
917-572-9104
DBCB.CG.2025@gmail.com

Date: October 14, 2026

**Via ECF**
The Honorable Magistrate Judge Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, NY 11201

Re: Baker-Pacius, et al., v. Dep't of Education of the City of New York, et al.
25-cv-00743 (AMD)(JAM)

Dear Magistrate Judge Marutollo,

We are the Plaintiffs, Dianne Baker-Pacius and Christopher J. Garry ("Plaintiffs"), proceeding *Pro Se*, in the above referenced matter. Plaintiffs respectfully oppose Defendants' Motion to Stay Discovery, ECF No. 55, and request that discovery proceed in the ordinary course. Plaintiffs need relevant records and testimony concerning who denied Plaintiff Baker Pacius' religious-accommodation request and Plaintiff Garry's medical-accommodation request, whether automated processing, human review, or both produced those denials, and what policies and criteria governed the decisions. Plaintiffs' existing exhibits do not substitute for obtaining relevant information within Defendants' possession, custody, or control or examining persons with firsthand knowledge. A complete stay would postpone access to that identified evidence throughout the filing, briefing, and disposition of Defendants' anticipated dismissal motion.

Defendants have not identified the volume of records, collection or review effort, witness demands, or other facts substantiating an undue burden. [ECF No. 55] Rule 26(c) requires a case-specific showing of good cause, not an automatic suspension based on an anticipated motion. See *Allen v. New York State*, No. 24-cv-02800 (JS) (JMW), (E.D.N.Y. Nov. 1, 2024); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, (S.D.N.Y. 2018). Plaintiffs submit that the generalized burden asserted does not justify halting the discovery process when weighed with their concrete need for the evidence described above.

For the reasons set forth below, Plaintiffs respectfully request denial of the stay and permission to conduct discovery—including applicable disclosures, interrogatories, document requests and responses, and appropriate depositions—subject to the Federal Rules of Civil Procedure and existing orders.

**I. A motion to dismiss does not automatically stay discovery.**

Defendants' anticipated motion to dismiss does not independently establish good cause to suspend discovery under Rule 26(c). Courts in this District evaluate the strength of the dismissal arguments, the breadth and burden of discovery, and the risk of unfair prejudice; they do not presume that a proposed dismissal motion warrants a stay. See *Allen v. New York State*, No. 24-cv-02800 (JS) (JMW), (E.D.N.Y. Nov. 1, 2024); *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78–79 (E.D.N.Y. 2006). In *Allen*, the court denied even an unopposed stay request pending an anticipated dismissal motion after examining those factors. Although a stay may precede the filing of a dismissal motion, Defendants' November 6, 2026 filing deadline does not relieve them of the obligation to justify the October 5 request on the particular record. [Scheduling order, 9/08/2026; stay motion, ECF No. 55]

Additional persuasive authority confirms that a dismissal motion requires a case-specific assessment rather than an automatic suspension of discovery. In *Patel v. Wendy's International, LLC*, No. 2:24-cv-3385, (S.D. Ohio Oct. 31, 2024), the court denied a stay where an ordinary Rule 12(b)(6) challenge, without special circumstances or demonstrated undue hardship, did not justify halting discovery. Similarly, *Critelli v. Danaher Corp.*, No. 6:25-cv-1780-AGM-LHP (M.D. Fla. June 15, 2026), denied a blanket stay after finding that the dismissal motion was not clearly meritorious and might not eliminate the need for discovery. Those decisions support evaluating Defendants' actual showing rather than accepting their anticipated dismissal as an established outcome.

Plaintiffs dispute Defendants' characterization of the Second Amended Complaint ("SAC") as entirely time-barred and legally deficient. For purposes of this application, however, the question is whether Defendants' present showing, assessed together with the actual discovery burden and potential prejudice, establishes good cause to suspend discovery. The existence of anticipated dismissal arguments does not dispense with that assessment.

A stay of discovery at this point is prejudicial to Plaintiffs' case. See *Khan v. New York City*, 757 F. Supp. 3d 327, (E.D.N.Y. 2024) (explaining that dismissal does not automatically stay discovery and denying a blanket stay where the proposed dismissal would leave claims requiring discovery). Plaintiffs therefore respectfully request denial of Defendants' stay motion and permission for discovery to proceed in the ordinary course under the Federal Rules and existing orders.

**II. The movant must substantiate the claimed burden**

Defendants' prior factual submissions and exhibits do not substitute for formal discovery. Plaintiffs seek to identify who denied Plaintiff Baker Pacius' religious-accommodation request and Plaintiff Garry's medical-accommodation request; determine whether each denial resulted from automated processing, human review, or both; and establish the participation of the persons who reviewed those denials. These are concrete subjects for relevant discovery. Records of the review process, communications, and appropriate testimony from persons with firsthand knowledge would permit Plaintiffs to investigate the challenged decisions and the responsible actors. Plaintiffs request that discovery proceed in the ordinary course, including appropriate depositions, subject to the Federal Rules and existing orders.

Defendants bear the burden of establishing good cause under Rule 26(c) through particular facts rather than conclusory assertions. See *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, (S.D.N.Y. 2018). Yet Defendants assert that, although no production requests, interrogatories, or deposition notices have been exchanged, responding to any discovery would be unduly burdensome because the SAC is entirely time-barred and Plaintiffs cannot prevail. [Defs.' Mot., ECF No. 55] That assertion predicts success on dismissal; it does not itself identify the anticipated volume of records, collection or review effort, witness demands, or other facts demonstrating an undue discovery burden. The absence of served requests does not excuse a case-specific assessment of the discovery reasonably anticipated. In *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78–79 (E.D.N.Y. 2006), the court denied a stay notwithstanding

nonfrivolous dismissal arguments after examining the actual burden and the continuing need for discovery.

The distinction between ordinary litigation expense and an adequately substantiated burden is illustrated by *Patel, supra* which denied both a complete stay and an alternative stay of class discovery because the defendant supplied only conclusory assertions and did not explain how its burden differed from that ordinarily encountered in civil litigation. Likewise, *Critelli, supra* rejected a blanket stay where references to nationwide class discovery and resulting expense did not demonstrate unusual circumstances or a specific burden. Although those cases involved different claims and discovery scopes, they support requiring concrete reasons why the anticipated discovery in this action warrants suspension. Defendants' assertion that all discovery would be burdensome because they expect dismissal does not itself identify the work required or establish why its burden is undue.

See *Allen v. New York State*, No. 24-cv-02800 (JS) (JMW), (E.D.N.Y. Nov. 1, 2024) (denying a stay pending an anticipated dismissal motion after evaluating the merits showing, discovery burden, and prejudice).-Because the intended dismissal motion does not automatically suspend discovery and the claimed burden must be evaluated rather than presumed, Plaintiffs respectfully request denial of the stay and continuation of discovery under the applicable rules and existing orders.

**III. Plaintiffs' case is prejudiced if this court stays Discovery**

A stay would postpone Plaintiffs' access to identified evidence concerning the accommodation decisions, including records of the review process and testimony from persons with relevant firsthand knowledge. Plaintiffs' existing exhibits do not substitute for obtaining that information from Defendants. This consequence should be weighed against Defendants' demonstrated grounds for a stay, rather than dismissed solely because Defendants predict that all claims will fail.

Plaintiffs need to obtain relevant and material evidence from defendants on the denial of Plaintiff Baker Pacius' religious accommodation and Plaintiff Garry's medical accommodation. Plaintiffs seek to identify who denied Plaintiff Baker Pacius' religious-accommodation request and Plaintiff Garry's medical-accommodation request, how the processing system and human reviewers participated, and what criteria governed acceptance or denial. Records and appropriate testimony concerning Defendant's actual role, the review process, and any accommodation-related burden asserted by Defendants

would bear on the challenged decisions. Plaintiffs' previously submitted exhibits do not eliminate the need to obtain relevant information within Defendants' possession, custody, or control.

In *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006), the court denied a stay in part because the moving defendants were important witnesses and would likely remain subject to discovery as nonparties even if dismissed while the action continued against others. Likewise, *Allen v. New York State*, No. 24-cv-02800 (JS) (JMW), (E.D.N.Y. Nov. 1, 2024), rejected a stay where discovery overlapped with claims against a nonmoving defendant. And *Khan v. New York City*, 757 F. Supp. 3d 327, (E.D.N.Y. 2024), denied a blanket stay because the partial dismissal motion would leave core claims requiring discovery. Plaintiffs therefore request denial of the stay and continuation of discovery in the ordinary course, including depositions of Defendants whose relevant knowledge and involvement warrant examination, subject to the Federal Rules and existing orders.

**IV. Delay can prejudice the opposing party**

As cited above, Plaintiffs seek records and testimony identifying the persons who denied their accommodation requests, the respective roles of the processing system and human reviewers, and the criteria used to reach those decisions. Further suspension would delay development of that factual record. Defendants' assertion that no prejudice can result because all claims will be dismissed assumes the very outcome they have yet to establish. [ECF No. 55]

Courts consider the risk of unfair prejudice alongside the strength of the dismissal arguments and the actual discovery burden. See *Allen v. New York State*, No. 24-cv-02800 (JS) (JMW), (E.D.N.Y. Nov. 1, 2024). In *Glover v. Argonaut Insurance Co.*, No. 22-445-SDD-SDJ, (M.D. La. Jan. 15, 2025), the court denied a stay after considering already-protracted litigation, the increasing remoteness of the underlying events, and the absence of an unusual discovery burden. Similarly, *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78–79 (E.D.N.Y. 2006), recognized that delaying depositions could prejudice access to available witnesses. Further persuasive support appears in *Patel supra*, where the court considered the delay in resolving the plaintiff's claims alongside the defendant's failure to identify specific discovery burdens. *Critelli, supra* likewise balanced the harm produced by delay against the possibility that dismissal would eliminate discovery.

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully submit that Defendants have not established good cause for a discovery stay. Defendants' prediction that their anticipated dismissal motion will succeed does not, standing alone, demonstrate an undue discovery burden or eliminate the need to assess the consequences of delay. Plaintiffs have identified concrete subjects for discovery concerning the accommodation decisions, the persons involved, and the respective roles of the processing system and human reviewers. Suspending discovery throughout the filing, briefing, and disposition of the anticipated motion would postpone access to that evidence and delay development of the factual record.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery, ECF No. 55, and permit discovery to proceed in the ordinary course, including applicable disclosures, interrogatories, document requests and responses, and appropriate depositions, subject to the Federal Rules of Civil Procedure and the Court's existing orders. To the extent a discovery schedule has not been established or requires adjustment, Plaintiffs request that the Court direct the parties to confer and submit a proposed schedule for the orderly completion of discovery.

Respectfully submitted by,

/s/ Dianne Baker-Pacius

Dianne Baker-Pacius

Pro Se Plaintiff

/s/ Christopher J. Garry

Christopher J. Garry

Pro Se Plaintiff